

1  MORGAN, LEWIS & BOCKIUS LLP
   CARRIE A. GONELL, SBN 257163
2  e-mail: cgonell@morganlewis.com
   JOHN D. HAYASHI, SBN 211077
3  e-mail: jhayashi@morganlewis.com
   5 Park Plaza, Suite 1750
4  Irvine, CA 92614
   Tel: 949.399.7000
5  Fax: 949.399.7001

6
7  Attorneys for Defendant
   JPMORGAN CHASE BANK, N.A.

8         UNITED STATES DISTRICT COURT

9         CENTRAL DISTRICT OF CALIFORNIA

10

11 Benjamin Paparella, individually and        Case No.    **SACV10-1940 CJC(JCx)**
   on behalf of other members of the
12 general public similarly situated,
                                                **DEFENDANT JPMORGAN CHASE
13              Plaintiff,                       BANK, N.A.'S NOTICE OF REMOVAL
                                                TO THE UNITED STATES DISTRICT
14        vs.                                    COURT FOR THE CENTRAL
                                                DISTRICT OF CALIFORNIA**
15 JPMorgan Chase Bank, National
   Association and DOES 1 through 50,           Diversity Jurisdiction Under The Class
16 inclusive,                                   Action Fairness Act

17              Defendant.                      [28 U.S.C. §§ 1332, 1441, 1446 and 1453]

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

                                                                                            **Page**

I.      SUMMARY OF THE COMPLAINT ..............................................................1

II.     THE REMOVAL IS TIMELY ......................................................................2

III.    THIS COURT HAS ORIGINAL SUBJECT MATTER
        JURISDICTION ...........................................................................................2

        A.      Diversity Exists Between The Parties ...............................................3

                1.      Plaintiff and the Members of the Putative Class Are
                        Citizens of California. ............................................................3

                2.      Defendant Is Not a Citizen of California .................................3

        B.      The Amount Plaintiff Places in Controversy Exceeds $5 Million........4

                1.      The Superior Court Found that Plaintiff May Proceed
                        with Class Allegations on Behalf of Both Business
                        Bankers and Small Business Relationship Managers at
                        this Juncture. ...........................................................................5

                2.      Plaintiff's Allegations That His Claims Put Less than $5
                        Million Into Controversy are Made in Bad Faith ......................6

                3.      More Than $5 Million Is In Controversy..................................7

                        a.      Plaintiff's Third Cause of Action for Meal and Rest
                                Period Violations Puts into Controversy in Nearly
                                $5 Million. ..................................................................9

                                (1)     Alleged Meal Break Premiums ........................... 10

                                (2)     Alleged Rest Break Premiums, ........................... 10

                        b.      Plaintiff's First and Second Causes of Action for
                                Unpaid Overtime Put Into Controversy Nearly $5
                                Million................................................................... 11

                        c.      Plaintiff's Fifth Cause of Action for Waiting Time
                                Penalties Puts Into Controversy Nearly $400,000......... 12

                        d.      The Complaint Also Seeks Recovery of Attorney's
                                Fees .............................................................. 13

                        e.      The Amount in Controversy Is Satisfied for
                                Diversity Jurisdiction Purposes. ................................. 13

IV.     VENUE........................................................................................ 14

V.      NOTICE....................................................................................... 14

VI.     CONCLUSION............................................................................... 14

# TABLE OF AUTHORITIES

**Cases**

*De Aguilar v. Boeing Co.*,
47 F.3d 1404, 1410 (5th Cir. 1995) ........................................................ 5

*Duran et al. v. U.S. Bank, N.A.*,
Case No. 2001-035537, Alameda Superior Court Case No. 2001-035537 .......... 6

*Guglielmino v. McKee Foods Corp.*,
506 F.3d 696, 698 (9th Cir. 2007); ........................................................ 13

*In re Quintus Securities Litigation*,
148 F. Supp. 2d 967, 973 (N.D. Cal. 2001) ............................................. 13

*Johnson v. U.S. Vision, Inc., et al.*,
No. 10-CV-0690-BEN-CAB, 2010 WL 3154847 (S.D. Cal. Aug. 9, 2010). .. 8, 10

*Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*,
199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) ........................................... 5

*Korn v. Polo Ralph Lauren*,
536 F. Supp. 2d 1199, 1206 (E.D. Cal. 2008) ......................................... 7

*Lowdermilk v. U.S. Bank Nat'l Assoc.*,
479 F.3d 994, 994 (9th Cir. 2007). ........................................................ 4

*Muniz v. Pilot Travel Centers LLC*,
No. CIV.S-07-0325 FCD EFB, 2007 WL 1302504 (E.D. Cal. May 1, 2007) ..... 10

*Murphy v. Kenneth Cole Productions*,
40 Cal. 4th 1094 (2007) ..................................................................... 9

*Newcombe v. Adolf Coors Co.*,
157 F.3d 686, 690-91 (9th Cir. 1998) .................................................... 4

*Rippee v. Boston Market Corp.*,
408 F. Supp. 2d 982, 986 (S.D. Cal. 2005) ............................................. 5

*Sanchez v. Wal-Mart Stores, Inc.*,
No. Civ. S-06-cv-2573 DFL KJM, 2007 WL 1345706, *2
(E.D. Cal. May 8, 2007) ..................................................................... 13

*Scherer v. Equitable Life Assurance Society of the United States,*
  347 F.3d 394, 397-99 (2d Cir. 2003) ............................................................... 5

*Wachovia Bank, NA v. Schmidt,*
  546 U.S. 303, 307 (2006) ............................................................................... 4

**Statutes**

28 U.S.C. § 1332 and 1348 ...................................................................... 1, 4, 7

28 U.S.C. § 1332(d)(2) ................................................................................. 2, 3

28 U.S.C. § 1332(d)(2)(A) ............................................................................... 3

28 U.S.C. § 1332(d)(6) .................................................................................. 4, 7

28 U.S.C. § 1441(a) .................................................................................... 4, 14

28 U.S.C. § 1446(b) .......................................................................................... 2

28 U.S.C. § 1446(d). ...................................................................................... 14

28 U.S.C. §§ 1332, 1441, 1446 and 1453 .................................................... 1, 7

28 U.S.C. §§ 1446 and 1453 ........................................................................... 3

California Bus. & Prof. Code §§ 17200 *et seq.* .......................................... 1, 7

Labor Code § 1194 ........................................................................................... 7

Labor Code § 203 ................................................................................... 1, 7, 12

1    **TO THE HONORABLE JUDGES OF THE UNITED STATES**

2    **DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

3          PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332, 1441, 1446

4    and 1453, Defendant JPMORGAN CHASE BANK, N.A. ("Defendant" or

5    "Chase") hereby removes the above-entitled action from the Superior Court of the

6    State of California, in and for the County of Orange, to the United States District

7    Court for the Central District of California.  Removal is based on the following

8    grounds:

9    **I.**      **SUMMARY OF THE COMPLAINT**

10         On or about May 5, 2010, Plaintiff Benjamin Paparella ("Plaintiff") filed a

11   putative class action complaint on behalf of himself and a putative class of current

12   or former Chase employees in California holding the title of "business bankers"

13   since September 25, 2008.  Plaintiff alleges that he, and members of the putative

14   class he purports to represent, were improperly denied overtime compensation (first

15   and second causes of action), were not provided meal or rest breaks (third cause of

16   action), and were not paid all compensation due upon termination (fifth cause of

17   action).  Plaintiff also asserts a derivative claim for injunctive relief under

18   California Bus. & Prof. Code §§ 17200 *et seq.* (fourth cause of action).  Plaintiff's

19   claims are based on allegations that he and putative class members regularly

20   worked more than 40 hours per week and/or 8 hours per day without receiving

21   overtime compensation. *See* Complaint, attached hereto as Exhibit A, ¶¶ 13, 23.

22   Plaintiff further alleges that Chase failed to provide him and putative class members

23   with meal and rest breaks.  Ex. A ¶ 29.  Plaintiff further alleges that Chase willfully

24   failed to pay its former employees all earned and unpaid wages (including

25   overtime) upon termination, and therefore seeks waiting time penalties pursuant to

26   Labor Code § 203.  Ex. A ¶ 34.

27

28

1    On June 14, 2010, Chase initially removed this action to this Court, pursuant

2    to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2), on the grounds

3    that the parties were diverse and the amount in controversy exceeded $5 million.

4    On July 23, 2010, Plaintiff moved to remand. Dkt. No. 9. Plaintiff's motion

5    was based, *inter alia*, on the contention that Chase had did not properly calculate

6    the amount in controversy by including putative class members who held the title of

7    "business bankers" and those with a "similar title," representing to the Court that

8    Plaintiff's class included only those holding the title of "business banker" and no

9    other title. Based on this representation, this Court granted the remand motion on

10    August 30, 2010. Dkt. No. 21.

11    Plaintiff, however, never held the official title of "business banker," but the

12    title of "Mgr-Small Bus Relationship" (also referred to as a "Small Business

13    Relationship Manager" or "SBRM"). Accordingly, on October 6, 2010, Chase

14    moved to strike Plaintiff's class claims, since he was not a member of his own

15    class. On November 15, 2010, the superior court issued its order denying Chase's

16    motion to strike, determining that Plaintiff may proceed, at this juncture, to bring

17    his claims on behalf of both Business Bankers and Small Business Relationship

18    Managers. The order was served by mail by the superior court clerk and received

19    by Chase's counsel on November 19, 2010.

20    Based on the size of the class of Business Bankers and Small Business

21    Relationship Managers and the allegations in the Complaint, the amount in

22    controversy in this action exceeds $5 million to a legal certainty.

23    **II.    THE REMOVAL IS TIMELY**

24    This Notice of Removal is timely filed, pursuant to 28 U.S.C. § 1446(b),

25    because it is filed within thirty days from the date Defendant received notice in

26    writing of the superior court's denial of Chase's motion to strike.

27

28

## III.   **THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION**

This Court has original subject matter jurisdiction based on diversity of citizenship under CAFA, because plaintiff is diverse from defendant and the amount in controversy exceeds $5 million.  28 U.S.C. § 1332(d)(2).  Plaintiff brings this action as a class action, and alleges that he is a citizen of California.  Ex. A, Complaint ¶ 1.  Defendant is not a citizen of California, but is a citizen of Ohio. *See* Ex. C, Articles of Association for JPMorgan Chase Bank, National Association. In addition, Plaintiff's class claims, when aggregated for potential class members, puts into controversy an amount in excess of $5 million.  Removal under diversity jurisdiction is therefore proper pursuant to 28 U.S.C. §§ 1446 and 1453.

### A.   **Diversity Exists Between The Parties**

The parties meet the diversity requirements of CAFA because Plaintiff is a citizen of a different state from Defendant.  28 U.S.C. § 1332(d)(2)(A) (providing that diversity under is met under CAFA where "any member of a class of plaintiffs is a citizen of a State different from any defendant").  Furthermore, Plaintiff did not dispute the diversity of the parties in his first motion to remand.  Dkt. Nos. 9-11. Diversity therefore exists between the parties under CAFA.

#### 1.   Plaintiff and the Members of the Putative Class Are Citizens of California.

At the time Plaintiff filed this action, Plaintiff alleged that he "was a Business Banker" for Chase in California, and was "domiciled in the state of California." Ex. A, Complaint ¶¶ 1, 4.  In addition, Defendant's records reflect that Plaintiff's last known address was in California.  Ex. B, Harris Decl. ¶ 3.  For diversity purposes, Plaintiff is therefore considered a citizen of California.

#### 2.   Defendant Is Not a Citizen of California.

For diversity determination purposes, Defendant is diverse from Plaintiff because Defendant is <u>not</u> a citizen of California.  Chase is, and at all pertinent times was, a federally chartered national bank with Columbus, Ohio designated in its

1   articles of association as the locus of its main office.  *See* Ex. C, Articles of

2   Association for JPMorgan Chase Bank (As Amended June 30, 2008).

3        Pursuant to 28 U.S.C. § 1332 and 1348, and the United States Supreme

4   Court's decision in *Wachovia Bank, NA v. Schmidt*, 546 U.S. 303, 307 (2006)

5   (holding that national banks are "located," for diversity jurisdiction purposes, in the

6   state designated in its articles of association as the locus of its main office), Chase

7   is "located," for diversity purposes, in Columbus, Ohio.

8        Although Plaintiff has named 50 fictitiously named "Doe" defendants, the

9   citizenship of these "Doe" defendants is disregarded for purposes of removal.  28

10  U.S.C. § 1441(a); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir.

11  1998) (for removal purposes, the citizenship of defendants sued under fictitious

12  names shall be disregarded).

13       Accordingly, Defendant is not a resident of California for diversity

14  jurisdiction purposes, and is therefore diverse from Plaintiff.

15  **B.    The Amount Plaintiff Places in Controversy Exceeds $5 Million**

16       Pursuant to CAFA, the amount in controversy component of diversity

17  jurisdiction is satisfied when the aggregated claims of the individual members in a

18  class action exceed the sum or value of $5 million.  *See* 28 U.S.C. § 1332(d)(6).

19  Furthermore, Congress intended for federal jurisdiction to be appropriate under

20  CAFA "if the value of the matter in litigation exceeds $5,000,000 either from the

21  viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the

22  type of relief sought (e.g., damages, injunctive relief, or declaratory relief.)."

23  Senate Judiciary Report, S. REP. 109-14, at 42.

24       The amount in controversy is determined at the time of removal and is to be

25  decided based on the allegations in the operative pleading.  *Lowdermilk v. U.S.*

26  *Bank Nat'l Assoc.*, 479 F.3d 994, 994 (9th Cir. 2007).   Where a plaintiff alleges an

27  amount in controversy greater than the jurisdictional amount ($5 million), the

28  amount in controversy is presumptively satisfied.  *Id.*  at 998.  Where a plaintiff

1   alleges an amount in controversy less than the jurisdictional medium, <u>and there is</u>

2   <u>no evidence of bad faith</u>, a removing defendant must simply demonstrate that the

3   amount in controversy exceeds $5 million to a "legal certainty." *Id.* at 999.

4       In measuring the amount in controversy, the court must assume that the

5   allegations of the complaint are true and that a jury will return a verdict for the

6   plaintiff on all claims made in the complaint. *Kenneth Rothschild Trust v. Morgan*

7   *Stanley Dean Witter,* 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). The ultimate

8   inquiry is what amount is put "in controversy" by the plaintiff's complaint, not

9   what a defendant will actually owe. *See Rippee v. Boston Market Corp.*, 408 F.

10  Supp. 2d 982, 986 (S.D. Cal. 2005); *Scherer v. Equitable Life Assurance Society of*

11  *the United States*, 347 F.3d 394, 397-99 (2d Cir. 2003) (recognizing that the

12  ultimate or provable amount of damages is not what is considered when

13  determining the amount in controversy; rather, it is the amount put in controversy

14  by the plaintiff's complaint).

15      1.    The Superior Court Found that Plaintiff May Proceed with Class
    Allegations on Behalf of Both Business Bankers and Small
16      <u>Business Relationship Managers at this Juncture.</u>

17      Here, Plaintiff's complaint contains boilerplate and conclusory allegations

18  that there are "less than 100 members in the proposed class" and that the amount in

19  controversy "does not exceed $5,000,000" for the class and "does not exceed

20  $75,000" for Plaintiff. Ex. A, ¶ 4. These allegations, however, are nothing more

21  than a bad faith effort to evade federal jurisdiction and deprive Chase of its right to

22  invoke federal jurisdiction under CAFA. *See De Aguilar v. Boeing Co.*, 47 F.3d

23  1404, 1410 (5th Cir. 1995) (evading federal jurisdiction through manipulative

24  pleading "is surely characterized as bad faith.").

25      During the time period alleged in the Complaint, Plaintiff did not hold the

26  official title of "Business Banker," but the title "Mgr-Small Bus Relationship,"

27  which is also referred to as "Small Business Relationship Manager." Harris Decl. ¶

28  4. In denying Chase's motion to strike, the superior court has permitted Plaintiff to

1   proceed with class claims on behalf of both Business Bankers and Small Business

2   Relationship Managers.  Thus, the scope of the class in this action currently

3   includes both titles.

      2.   <u>Plaintiff's Allegations That His Claims Put Less than $5 Million Into Controversy are Made in Bad Faith.</u>

     Contrary to Plaintiff's allegations that there are fewer than 100 members in

6   the putative class, as of December 3, 2010, there were in fact 524 persons who held

7   the title of Mgr-Small Business Relationship (Plaintiff's title) or Business Banker

8   during the class period.   Ex. B, Harris Decl. ¶ 4; *see also* Ex. 1 to Harris

9   Declaration (redacted list of putative class members, their time in position, and their

10  annual compensation).  Consequently, Plaintiff's bad faith allegations, made with

11  the intent of avoiding federal jurisdiction, should be given no deference by the

12  Court.

13       Moreover, solicitations sent by Plaintiff's counsel to putative class members

14  at Chase further confirm that Plaintiff's purported limitation on damages was made

15  in bad faith.  In May 2010, business bankers at Chase received a solicitation

16  "newsletter" from the Wynne Law Firm, advertising the instant action and boasting

17  that the Wynne Law Firm had recently won a judgment of $15 million for business

18  bankers at another financial services company. *See Duran et al. v. U.S. Bank, N.A.*,

19  Case No. 2001-035537, Alameda Superior Court Case No. 2001-035537.  The

20  Wynne firm was also awarded $18.7 million in attorney's fees (from an original

21  request for $30 million).  See July 19, 2010 Order Granting Motion for Attorney

22  Fees in *Duran*.  There were less business bankers at issue in the U.S. Bank case

23  (260) than are members of the putative class in the instant action. *See Duran*,

24  Alameda Superior Court Case No. 2001-035537, Judgment Against U.S. Bank

25  National Association, May 20, 2009.  The fact that Plaintiff's counsel is soliciting

26  putative class members by advertising this judgment, in what Plaintiff's counsel

27

28

1   apparently believes is a similar case, demonstrates that Plaintiff certainly knows

2   that the amount in controversy in this action is well more than $5 million.

3           3.     More Than $5 Million Is In Controversy.

4           Although Defendants deny Plaintiff's factual allegations and deny that he or

5   the class that he purports to represent are entitled to the relief for which he has

6   prayed, Plaintiff's claims, when combined with the actual number of class members

7   in the putative class as set forth in 28 U.S.C. § 1332(d)(6), put into controversy an

8   amount that far exceeds the $5 million threshold.

9           Plaintiff's Complaint alleges five causes of action under the California Labor

10  Code and Business & Professions Code:  (1) alleged failure to pay overtime

11  compensation pursuant to Labor Code § 1194; (2) unfair business practices

12  pursuant to Business & Professions Code §§ 17200 et seq. for allegedly failing to

13  pay overtime compensation; (3) unfair business practices pursuant to Business &

14  Professions Code §§ 17200 et seq. for allegedly failing to provide meal and rest

15  breaks; (4) injunctive and declaratory relief pursuant to Business & Professions

16  Code §§ 17200 et seq derived from the alleged Labor Code violations; and (5)

17  waiting time penalties pursuant to Labor Code § 203.

18          A defendant seeking to invoke CAFA jurisdiction can establish the amount in

19  controversy by presenting evidence of the number of putative class members. Korn

20  v. Polo Ralph Lauren, 536 F. Supp. 2d 1199, 1206 (E.D. Cal. 2008) (denying

21  plaintiff's motion for remand).  The number of putative class claims can then be

22  multiplied by the damages alleged per claim to determine the amount in

23  controversy. Id.

24          In Korn, plaintiffs brought a class action alleging violations of California

25  Civil Code section 1747.08, which carries a maximum civil penalty of $1,000 per

26  claim.  To establish the $5 million amount in controversy for CAFA jurisdiction

27  purposes, the defendant offered evidence that more than 5,000 potential claims

28  (credit card transactions) took place during the class period.  The district court

1   found that multiplying the number of claims by the statutory penalty was sufficient

2   evidence to prove that the amount in controversy under CAFA was met. *Id.* In

3   addressing the defendant's evidentiary burden, the court held, "defendant need only

4   demonstrate that there are at least 5,001 putative class claims." *Id.* Because the

5   5,001 putative class claims multiplied by the $1,000 statutory penalty resulted in an

6   amount in controversy greater than $5 million, the district court found the amount

7   in controversy satisfied, and denied plaintiff's motion to remand.[1]

8        In a recent decision from the U.S. District Court, Southern District of

9   California, Judge Benitez found that a removing defendant satisfied the amount in

10  controversy to a legal certainty as applied to wage and hour claims nearly identical

11  to those alleged in the instant action. *Johnson v. U.S. Vision, Inc., et al.*, No. 10-

12  CV-0690-BEN-CAB, 2010 WL 3154847 (S.D. Cal. Aug. 9, 2010).  In denying

13  plaintiff's motion to remand, Judge Benitez concluded that the removing defendants

14  met their burden under the Class Action Fairness Act to establish the amount in

15  controversy to a legal certainty by using calculations based on averages and

16  assumptions, facts regarding the scope of the class, and allegations in the Complaint

17  that all putative class members were injured.  2010 WL 3154847 at **3-4.

18       As discussed below, aggregation of the claims of all putative class members

19  in this action puts well over $5 million into controversy.  Plaintiff's meal and rest

20  break claims put $4,951,865.42 into controversy, his overtime claims put

21  $3,714,119.66 into controversy, and his waiting time penalty claim puts

22

23  [1]     Under the "legal certainty" standard (which should not apply given the bad
    faith allegations in the complaint), a removing party can establish the amount in
24  controversy satisfying the CAFA jurisdictional minimum by providing evidence of
    the actual number of putative class members employed during the class period and
25  their average hourly rates of pay and then using these figures to calculate the
    amount in controversy based on the allegations in the complaint. *See Johnson*,
26  2010 WL 3154847 at *4; *Nelson v. Bic USA, Inc.*, No. No. 07-cv-2367-LAB
27  (RBB), 2008 WL 906049 (S.D. Cal. Apr. 1, 2008).

28

1   $395,881.92 in controversy, for a total amount in controversy of $9,061,867.00.

2   When adding attorney's fees at the 25% benchmark recognized by the Ninth

3   Circuit, those fees would be $2,265,466.75, resulting in a total amount in

4   controversy, to a legal certainty, of $11,327,333.75.

5           a.     Plaintiff's Third Cause of Action for Meal and Rest

6                  Period Violations Puts into Controversy in Nearly $5 Million.

7       Plaintiff's Third Cause of Action alleges that Chase systematically denied all

8   putative class members the opportunity to take meal or rest breaks in violation of

9   California law. Ex. A, ¶¶ 28-30. Under California law, employers must "provide"

10   their employees with a 30-minute, uninterrupted meal period after five hours of

11   work. Wage Order 4-2001 § 11. In addition, employers must "authorize and

12   permit" employees to take a 10-minute, uninterrupted rest period for every four

13   hours worked or major fraction thereof. Wage Order 4-2001 § 12. If an employer

14   fails to provide such breaks (as is alleged in Plaintiff's Complaint), then the

15   employer must pay the employee a premium wage equal to one hour of pay for each

16   missed break. *Murphy v. Kenneth Cole Productions*, 40 Cal. 4th 1094 (2007). The

17   one hour of premium pay is paid at the employee's regular hourly rate. *Id.*

18       Taking Plaintiff's allegations to be true – that Plaintiff and putative class

19   members were not provided with meal and rest breaks – then the amount in

20   controversy arising from Plaintiff's meal and rest period claim is nearly $5 million.

21       If, as Plaintiff contends, putative class members were not provided with meal

22   and rest breaks, they would be entitled to one hour of premium pay for each missed

23   meal break and one hour of premium pay for each missed rest break per day. Class

24   members typically work five or more days a week, and work shifts longer than five

25   hours. Harris Decl. ¶ 3. Thus, taking as true Plaintiff's claim that Chase did not

26   provide meal and rest breaks (as Plaintiff's Third Cause of Action alleges), putative

27   class members would be eligible for one hour of premium pay for each day worked.

28   *See Johnson*, 2010 WL 3154847 at *3-*4; *Muniz v. Pilot Travel Centers LLC*, No.

1  CIV.S-07-0325 FCD EFB, 2007 WL 1302504 (E.D. Cal. May 1, 2007) (where

2  plaintiff does not allege facts specific to the circumstances of allegedly missed meal

3  and/or rest periods, defendant may use 100% violation rate in calculating the

4  amount in controversy).

5             (1)     Alleged Meal Break Premiums.

6       During the class period, the 524 members of the putative class worked

7  approximately 24,074.14 work weeks combined.  At five work days per work week,

8  the putative class would be eligible for approximately 120,370.70 meal period

9  violations during the class period.  Harris Decl. ¶¶ 6, 7.  The base average hourly

10  rate (i.e., without including incentive compensation) for the putative class members,

11  for these class members is $26.74 per hour (calculated by taking the average annual

12  base compensation for putative class members, before inclusion of incentive

13  compensation, and dividing by 2080).  *Id.* at ¶ 8.  One meal break premium for each

14  work day during class period results in an amount in controversy of $3,218,712.52

15  calculated as follows:

16  | 120,370.70 workdays x 1 meal premium x $26.74 base avg rate = **$3,218,712.52** |

17       Class members do not actually work 52 weeks out of a 52 week year, but

18  take time off for vacations, sick time, holidays, and other time off.  When

19  accounting for this time off, putative class members worked at least 40 weeks out of

20  a 52 week year.  Harris Decl. ¶ 11.  When accounting for this time off, the amount

21  in controversy for meal break premiums is $2,475,932.71:

22  | $3,218,712.52 meal premiums x 40/52 = **$2,475,932.71** |

23             (2)     Alleged Rest Break Premiums,

24       Plaintiff also seeks premiums for rest break violations.  Using the base

25  average hourly rate for the putative class members, one rest break premium for each

26  work day during class period results in an amount in controversy of $3,218,712

27  calculated as follows:

28  | 120,370.70 workdays x 1 rest premium x $26.74 base avg rate = **$3,218,712.52** |

1    Accounting for time off, the amount in controversy for rest break premiums

2    is $2,475,932.71:

3    $3,218,712.52 rest premiums x 40/52 = **$2,475,932.71**

4    Combined, meal and rest break premiums amount to $4,951,865.42.

5    Accordingly, when multiplying the <u>actual</u> number of putative class members times

6    their potential recovery, and accounting for days not actually worked, results in an

7    amount in controversy of nearly $5 million.

8            b.     Plaintiff's First and Second Causes of Action for Unpaid

9                <u>Overtime Put Into Controversy Nearly $5 Million.</u>

10   Plaintiff's First and Second Causes of Action allege that Chase

11   systematically failed to pay overtime compensation to putative class members in

12   violation of California law.  Ex. A, ¶¶ 13, 21-27.  Plaintiff alleges that he and all

13   putative class members "regularly work more than 40 hours per week and/or 8

14   hours per day."  Ex. A, ¶ 23.

15   Taking these allegations to be true, then the amount in controversy arising

16   from Plaintiff's overtime claim is over $3.7 million.  If, as Plaintiff contends,

17   putative class members regularly worked more than 40 hours per week and/or 8

18   hours per day, then they would arguably be entitled to at least 1 hour of overtime

19   pay for each day worked.  Multiplying the 120,370.70 total number of class

20   workdays by 1 hour of unpaid overtime and by the average overtime rate of $40.11

21   (which is 1.5 times the regular, pre-incentive rate of $25.74), results in an amount

22   in controversy of $4,828,355.56, calculated as follows:

23   120,370.70 workdays x 1 hr OT per day x $40.11/hr OT rate = **$4,828,355.56**

24   When accounting for a 40 workweek year, the amount in controversy would

25   be **$3,714,119.66** ($4,828,355.56 x 40/52 = $3,714,119.66).

26   Accordingly, when multiplying the <u>actual</u> number of putative class members

27   times their potential overtime recovery, and accounting for days not actually

28   worked, results in an amount in controversy of over $3.7 million.

c.   Plaintiff's Fifth Cause of Action for Waiting Time
Penalties Puts Into Controversy Nearly $400,000

Plaintiff's Fifth Cause of Action, for waiting time penalties under California Labor Code § 203, creates an additional amount in controversy of nearly $400,000.

In Plaintiff's fifth cause of action for penalties pursuant to Labor Code § 203, Plaintiff alleges that Defendant failed to pay Plaintiff and members of the putative class all earned and unpaid wages. Ex. A, Complaint ¶ 34. He seeks waiting time penalties equal to their daily wage for 30 days. *Id.* and Prayer for Relief ¶ 2. Given that Plaintiff defines the putative class as "[a]ll current and former California based employees of JPMorgan Chase...who worked at any time from September 25, 2008," then all former putative class members who terminated prior to the filing of Plaintiff's Complaint would be eligible for waiting time penalties. Ex. A, Complaint ¶ 2.

Assuming Plaintiff's allegations to be true, Plaintiff's fifth cause of action puts into controversy $395,881.92. During the period since September 25, 2008 until May 5, 2010 (the date the complaint was filed), 57 putative class members terminated from Chase. Ex. B, Harris Decl. ¶ 4. Based on their average annual base compensation, the average equivalent hourly rate for members of the putative class who terminated from a class position is $30.66 per hour.[2] Ex. B, Harris Decl. ¶ 9.

Although Chase disputes the merits of Plaintiff's waiting time penalty claims, based on these figures, Plaintiff has put in controversy approximately $395,881.92.

d.   The Complaint Also Seeks Recovery of Attorney's Fees.

The Complaint also seeks attorneys' fees. Ex. A, Complaint (Prayer for Relief) ¶ 2. Attorneys' fees are properly included in determining the amount in

---

[2] The average annual salary for terminated members of the putative class was higher the average annual salary for the putative class as a whole. Accordingly, the average hourly rate is higher.

controversy. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 698 (9th Cir. 2007); *Sanchez v. Wal-Mart Stores, Inc.*, No. Civ. S-06-cv-2573 DFL KJM, 2007 WL 1345706, *2 (E.D. Cal. May 8, 2007) ("Attorney's fees, if authorized by statute or contract, are also part of the calculation").

Although Chase denies Plaintiff's claim for attorney's fees, for purposes of removal, the Ninth Circuit uses a benchmark rate of 25% of the potential damages as the amount of attorney's fees.  *In re Quintus Securities Litigation*, 148 F. Supp. 2d 967, 973 (N.D. Cal. 2001) (benchmark for attorneys' fees is 25% of the common fund).  Given the $9,036,156.24 amount in controversy discussed above ($4,951,865.42 + $3,714,119.66 + $395,881.92 = $9,061,867.00), an award of such attorney's fees would increase the amount in controversy by $2,265,466.75.  Thus, adding these statutory attorney's fees further increases Plaintiff's alleged amount in controversy well in excess of $5 million.

> e.   The Amount in Controversy Is Satisfied for Diversity Jurisdiction Purposes.

Thus, although Defendants deny Plaintiff's allegations and deny that he or the class that he purports to represent are entitled to the relief for which he has prayed, based on Plaintiff's allegations, theories, and prayer for relief, he has placed at least $$11,327,333.75 in controversy ($4,951,865.42 for meal and rest breaks, $3,714,119.66 for overtime, $395,881.92 for waiting time penalties, and attorneys' fees of $2,265,466.75), which far exceeds the $5 million threshold set forth under CAFA.  Because there is diversity between the parties and the amount in controversy threshold has been satisfied in this Action, this Court has original subject matter jurisdiction to hear this dispute.

## IV.   **VENUE**

This action was originally filed in the Superior Court for the County of Orange.  Venue is therefore proper in this district, pursuant to 28 U.S.C. § 1441(a), because it encompasses the county in which this action has been pending.

## V.   <u>NOTICE</u>

Defendants will promptly serve this Notice of Removal on all parties and will promptly file a copy of this Notice of Removal with the clerk of the state court in which the action is pending, as required under 28 U.S.C. § 1446(d).

A true and correct copy of Plaintiff's original Complaint is attached hereto as Exhibit A.

A true and correct copy of the Harris Declaration in support of removal is attached hereto as Exhibit B.

A true and correct copy of Chase's Articles of Association, As Amended June 30, 2008, is attached hereto as Exhibit C.

A true and correct copy of Chase's Answer, filed in the Superior Court, is attached hereto as Exhibit D.

## VI.   <u>CONCLUSION</u>

Based on the foregoing, Defendant respectfully requests that this action be removed to this Court.  Plaintiff obtained a judgment of $15 million in a case involving claims similar to those in Plaintiff's complaint and a smaller class of Business Bankers, and were also awarded attorney's fees of $18.7 million. Accordingly, Plaintiff is certainly seeking more than $5 million in this action.  If any question arises as to the propriety of the removal of this action, Defendant requests the opportunity to present a brief and oral argument in support of its position that this case is removable

Dated:   December 20, 2010            MORGAN, LEWIS & BOCKIUS LLP



By _____
    Carrie A. Gonell
    Attorneys for Defendant
    JPMORGAN CHASE BANK, N.A.

# EXHIBIT "A"



1  Edward J. Wynne     (SBN #165819)
   ewynne@wynnelawfirm.com
2  J.E.B. Pickett      (SBN #154294)
   Jebpickett@wynnelawfirm.com
3  WYNNE LAW FIRM
   100 Drakes Landing Road, Suite 275
4  Greenbrae, CA 94904
   Tel. 415-461-6400
5  Fax. 415-461-3900

6

7  Plaintiff's Counsel

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

MAY 05 2010

ALAN CARLSON, Clerk of the Court

BY _____ J. HAINES _____ ,DEPUTY

8

9        **SUPERIOR COURT OF CALIFORNIA**

10                **ORANGE COUNTY**

11

                                          30-2010
12  Benjamin Paparella, individually and on behalf   Case No.:
    of other members of the general public                00370146
13  similarly situated,                               **COMPLAINT**

14                                                    **[CLASS ACTION]**
                    Plaintiff,
15        vs.
                                                      1.  Labor Code § 1194
16                                                    2.  B&P § 17200 - Overtime
    JPMorgan Chase Bank, National Association        3.  B&P § 17200 – Meal and Rest Breaks
17  and DOES 1 though 50, inclusive,                  4.  B&P 17200 – Injunction/Dec. Relief
                                                      5.  Labor Code § 203
18                  Defendant.

19
                                                      **JUDGE RONALD L. BAUER**
20                                                       **DEPT. CX103**

21

22

23

24

25

26

27

28

THIS CASE IS SUBJECT TO MANDATORY ELECTRONIC FILING PURSUANT TO RULE 308 OF THE LOCAL RULES OF THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE

                               1

## **GENERAL ALLEGATIONS**

1.      Plaintiff Benjamin Paparella was a Business Banker for defendant JPMorgan Chase Bank, National Association ("Chase Bank") in the state of California within the last three years of the filing of the original complaint in this action.

2.      Defendant Chase Bank is a wholly owned subsidiary of JPMorgan Chase &Co. Defendant is a bank that owns and operates retail banks in this judicial district and in the state of California. Defendant has employees with the title "Business Banker."

3.      Venue is proper in Orange County as at least some of the acts complained of herein occurred in Orange County as Defendant owns and operates banks in Orange County.

4.      At all times herein mentioned, Plaintiff and the class identified herein worked as employees for Defendant in salaried positions in Defendant's branch and retail locations under the business name "Chase." At all times herein mentioned, Plaintiff and the class have been, and continue to be, domiciled in the state of California. Plaintiff is informed and believes and thereon alleges that there are less than 100 members in the proposed class. The amount in controversy including damages, restitution, attorney fees, penalties, and value of injunctive relief sought does not exceed $5,000,000. The amount in controversy for the named plaintiff including damages, restitution, pro rata share of attorney fees, penalties, and pro rata value of injunctive relief sought does not exceed $75,000.

5.      At all times herein mentioned Defendant and Does 1 through 50 are and were corporations, business entities, individuals and partnerships, licensed to do business and actually doing business in the State of California, Orange County. Defendant owns and operates an industry, business and establishment in a number of separate geographic locations within the State of California, including within Orange County, for the purpose of selling banking services and products. As such, and based upon all the facts and circumstances incident to Defendant's business in California, Defendant is subject to California Labor Code §§ 1194 *et seq.*, California Business and Professions Code § 17200 *et seq.*, (Unfair Practices Act) and the applicable Industrial Welfare Commission Wage Orders.

---

2

COMPLAINT
[CLASS ACTION]
**EXHIBIT A, PAGE 2**

6.      Plaintiff does not know the true names or capacities, whether individual, partner or corporate, of the Defendants sued herein as DOES 1 through 50, inclusive, and for that reason, said Defendants are sued under such fictitious names, and Plaintiff prays leave to amend this complaint when the true names and capacities are known. Each of said fictitious Defendants was responsible in some way for the matters alleged herein and proximately caused Plaintiff and members of the class to be subject to the illegal employment practices, wrongs and injuries complained of herein.

7.      At all times herein mentioned, each of said Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendant; and furthermore, the Defendants, and each of them, were the agents, servants and employees of each of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned, were acting within the course and scope of said agency and employment.

8.      At all times herein mentioned, Defendants, and each of them, were members of, and engaged in, a joint venture, partnership and common enterprise, and acting within the course and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

9.      At all times herein mentioned, the acts and omissions of various Defendants, and each of them, concurred and contributed to the various acts and omissions of each and all of the other Defendants in proximately causing the injuries and damages as herein alleged.

10.     At all times herein mentioned, Defendants, and each of them, ratified each and every act or omission complained of herein. At all times herein mentioned, the Defendants, and each of them, aided and abetted the acts and omissions of each and all of the other Defendants in proximately causing the damages as herein alleged. Further, at all times mentioned herein, the wage and hour related compensation policies of Defendant's branch locations in California are and were dictated by, controlled by, and ratified by the Defendants herein and each of them.

## **FACTUAL ALLEGATIONS**

11.    Pursuant to California Labor Code §§ 218, 218.6, and 1194, Plaintiff may bring a civil action for overtime wages directly against the employer without first filing a claim with the California Division of Labor Standards Enforcement and may recover such wages, together with interest thereon, penalties, attorney fees and costs.

12.    On or about September 25, 2008, JPMorgan Chase & Co. purchased the deposits, assets and certain liabilities of Washington Mutual Bank's banking operations from the Federal Deposit Insurance Corporation.  Washington Mutual Bank had branch locations in California.  After the purchase, JPMorgan Chase & Co. began operating the former Washington Mutual bank branches under the name "Chase."

13.    Plaintiff and all members of the class identified herein were regularly scheduled as a matter of uniform company policy to work and in fact worked as salaried bank employees in excess of eight hours per workday and/or in excess of forty hours per workweek without receiving straight time or overtime compensation for such overtime hours worked in violation of California Labor Code § 1194 and California Industrial Welfare Commission Wage Order 4-2001. Defendant has failed to meet the requirements for establishing the exemption because all class members (a) regularly spent more than 50% of their time performing nonexempt work, (b) did not customarily and regularly exercise discretion and independent judgment on matters of significance, (c) did not have the authority to hire or fire or make meaningful recommendations regarding same, (d) did not customarily and regularly supervise at least two employees or the equivalent, (e) did not perform work directly related to the management policies or the general business operations of Defendant or Defendant's customers, (f) did perform nonexempt production and/or sales work a majority of their time (i.e., in excess of 50%) consistent with Defendant's realistic expectations, (g) did not customarily and regularly spend more than 50% of their time away from the Defendant's places of business selling or obtaining orders or contracts, and (h) did not earn more than 50% of their compensation in a

4

bona fide commission plan. Thus, Plaintiff and the class members were not exempt from the overtime requirements of California law for these reasons.

## CLASS ALLEGATIONS

14.     This complaint is brought by Plaintiff pursuant to California Code of Civil Procedure § 382 on behalf of a class. All claims alleged herein arise under California law for which Plaintiff seeks relief authorized under California law. The class is comprised of, and defined as:

> All current and former California based employees of JPMorgan Chase
> Bank, National Association, with the title "Business Banker" who worked at
> any time from September 25, 2008 up to the time the class is certified.

15.     The members of the classes are so numerous that joinder of all members is impracticable.    The exact number of the members of the classes can be determined by reviewing Defendant's records.

16.     Plaintiff will fairly and adequately protect the interests of the Class and has retained counsel that is experienced and competent in class action and employment litigation. Plaintiff has no interests that are contrary to, or in conflict with, members of the Class.

17.     A class action suit, such as the instant one, is superior to other available means for fair and efficient adjudication of this lawsuit. The damages suffered by individual members of the Class may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the Class to individually seek redress for the wrongs done to them.

18.     A class action is, therefore, superior to other available methods for the fair and efficient adjudication of the controversy. Absent these actions, the members of the Class likely will not obtain redress of their injuries and Defendant will retain the proceeds of its violations of California law.

19.     Even if any member of the Class could afford individual litigation against Defendant, it would be unduly burdensome to the judicial system. Concentrating this litigation

in one forum will promote judicial economy and parity among the claims of individual members of the Class and provide for judicial consistency.

20.     There is a well-defined community of interest in the questions of law and fact affecting the Class as a whole.   Questions of law and fact common to each of the Class predominate over any questions affecting solely individual members of the action.   Among the common questions of law and fact are:

a.     Whether the class has been properly classified as exempt by Defendant from overtime compensation;

b.     Whether the class is expected to regularly work hours in excess of forty per week and/or in excess of eight hours per day;

c.     How class is compensated; and,

d.     Whether the class has sustained damages and, if so, what the proper measure of damages is.

## FIRST CAUSE OF ACTION

### (Labor Code § 1194)

21.     Plaintiff incorporates the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

22.     California Wage Order 4-2001, 8 C.C.R. § 11040, and Labor Code § 510 state that an employee must be paid overtime, equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of 40 per week and/or 8 per day.

23.     Class members regularly work more than 40 hours per week and/or 8 hours per day but are not paid overtime.

24.     Class members do not meet any of the tests for exempt status under the California Wage Orders and/or the California Labor Code.

## SECOND CAUSE OF ACTION

### (Bus. & Prof. Code § 17203 – Overtime)

25.     Plaintiff incorporates the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

26.     Defendant has committed an act of unfair competition under California Business & Professions Code § 17200 *et seq.* by not paying the required state law overtime pay to the members of the class.

27.     Pursuant to Bus. & Prof. Code § 17203, Plaintiff requests an order requiring Defendant to make restitution of all overtime wages due to the class.

## THIRD CAUSE OF ACTION

### (Bus. & Prof. Code § 17203 – Meal and Rest Breaks)

28.     Plaintiff incorporates the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

29.     In violation of Labor Code § 512 and IWC Wage Order 4-2001, Defendant failed to provide and document meal and rest period breaks for the class in the number, length and manner as required.  At no time has the Plaintiff or the class entered into any written agreement with Defendant expressly or impliedly waiving their right to their meal and rest breaks.  Plaintiff and the class have been injured by Defendant's failure to comply with Labor Code § 512 and IWC Wage Order 4-2001 and are thus entitled to the wages set forth in Labor Code § 226.7.

30.     Pursuant to Bus. & Prof. Code § 17203, Plaintiff requests Defendant make restitution of all wages due to the class under this Third Cause of Action.

## FOURTH CAUSE OF ACTION

### (Bus. & Prof. Code § 17203 – Injunction and Declaratory Relief)

31.     Plaintiff incorporates the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

7

32.   Plaintiff, and all persons similarly situated, are further entitled to and do seek a both a declaration that the above-described business practices are unfair, unlawful and/or fraudulent and injunctive relief restraining Defendant from engaging in any of such business practices in the future. Such misconduct by Defendant, unless and until enjoined and restrained by order of this Court, will cause great and irreparable injury to all members of the class in that the Defendant will continue to violate California law, represented by labor statutes and IWC Wage Orders, unless specifically ordered to comply with same. This expectation of future violations will require current and future employees to repeatedly and continuously seek legal redress in order to gain compensation to which they are entitled under California law. Plaintiff has no other adequate remedy at law to insure future compliance with the California labor laws and wage orders alleged to have been violated herein.

## FIFTH CAUSE OF ACTION

### (Labor Code § 203)

33.   Plaintiff incorporates the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

34.   Plaintiff and the class were discharged by Defendant or voluntarily quit, and did not have a written contract for employment. The Defendant, in violation of California Labor Code §§ 201 and 202 *et seq.* had a consistent and uniform policy, practice and procedure of willfully failing to pay the earned and unpaid wages of all such former employees. The Defendant has willfully failed to pay the earned and unpaid wages of such individuals, including, but not limited to, straight time, overtime, vacation time, meal and rest wages, and other wages earned and remaining uncompensated according to amendment or proof. Plaintiff and the class did not secret or absent themselves from Defendant nor refuse to accept the earned and unpaid wages from Defendant. Accordingly, Defendant is liable for waiting time penalties for the unpaid wages pursuant to California Labor Code § 203.

## PRAYER FOR RELIEF

WHEREFORE, representative Plaintiff, on his own behalf and on behalf of the members of the class, prays for judgment as follows:

1.    For an order certifying the proposed class;

2.    For damages, restitution, attorney fees under the Labor Code and/or CCP § 1021.5, penalties per Labor Code § 203, and injunctive relief, as the amount in controversy not in excess of $5,000,000 for the class and not in excess of $75,000 for the named plaintiff; and,

3.    For prejudgment interest.

Dated: May 4, 2010                     **WYNNE LAW FIRM**

By:_____

Edward J. Wynne
100 Drakes Landing Road, Suite 275
Greenbrae, CA 94904
Telephone: 415-461-6400
Facsimile: 415-461-3900
*Counsel for Plaintiff*

9

# EXHIBIT "B"

1   MORGAN, LEWIS & BOCKIUS LLP
    CARRIE A. GONELL, SBN 257163
2   cgonell@morganlewis.com
    JOHN D. HAYASHI, SBN 211077
3   jhayashi@morganlewis.com
    5 Park Plaza, Suite 1750
4   Irvine, CA  92614
    Tel:  949.399.7000
5   Fax:  949.399.7001

6   Attorneys for Defendant
    JPMORGAN CHASE BANK, N.A.

7

8                  UNITED STATES DISTRICT COURT

9                 CENTRAL DISTRICT OF CALIFORNIA

10

11  Benjamin Paparella, individually and      Case No.
    on behalf of other members of the
12  general public similarly situated,
                                              **DECLARATION OF TIFFANY A.**
13              Plaintiff,                     **HARRIS IN SUPPORT OF**
                                              **DEFENDANT JPMORGAN CHASE**
14       vs.                                   **BANK, N.A.'S NOTICE OF REMOVAL**

15  JPMorgan Chase Bank, National
    Association and DOES 1 through 50,
16  inclusive,

17              Defendant.

18

19

20

21

22

23

24

25

26

27

28

I, Tiffany A. Harris, declare as follows:

1.      I currently serve as Vice President of Human Resources for Defendant JPMorgan Chase Bank, N.A. ("Defendant" or "Chase"). I have personal knowledge of the facts stated herein, and if called and sworn as a witness, I could and would testify competently to these facts.

2.      Chase maintains information about its current and former employees in its PeopleSoft database. The PeopleSoft database is the official record of an employee's official title while employed by Chase. The PeopleSoft database also includes information about an employee's dates of employment, annual compensation earned, and last known address. I have access to this information and have reviewed a report generated from this database of current and former employees who worked in California between September 25, 2008 through December 3, 2010, the date the report was generated.

3.      According to Chase's records, while employed at Chase, Plaintiff Benjamin Paparella's ("Plaintiff") last known address was in California.

4.      According to Chase's records, Plaintiff held the official title "Mgr-Small Bus Relationship" during the entire period spanning from September 25, 2008 until his termination. Plaintiff never held the official title "Business Banker" while employed at Chase.

5.      The official titles of "Business Banker" and "Mgr-Small Bus Relationship" are not the same. If one were to search the PeopleSoft records by official title, Plaintiff would not appear as holding the "Business Banker" official title.

6.      For the period between September 25, 2008 and December 3, 2010, there were 524 current and former Chase employees in California who held the official title of "Mgr-Small Bus Relationship" or the official title of "Business Banker." This includes 252 current and former employees who held the official title of "Business Banker" only, 89 who held the official title of "Mgr-Small Bus

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

1                                    DECLARATION OF TIFFANY A. HARRIS

Exhibit B  Page 11

1   Relationship" only, and 183 who held both titles.  Those holding both titles

2   typically had their titles change from "Mgr-Small Bus Relationship" to "Business

3   Banker" during their employment.

4         7.     Between September 25, 2008 and December 3, 2010, the number of

5   cumulative weeks that these 524 Business Bankers and Mgr-Small Bus

6   Relationships were employed while holding the official title of "Business Banker"

7   or "Mgr-Small Bus Relationship" is 24,074.14.   This number was calculated by

8   comparing the date that employees first held the official title of "Business Banker"

9   or "Mgr-Small Bus Relationship" with the date they no longer held that title or left

10  the company.  If an employee held one of these titles before September 25, 2008,

11  then September 25, 2008 was used as the start date.  If an employee was still

12  employed by Chase with the official title of "Business Banker" or "Mgr-Small Bus

13  Relationship" in California on December 3, 2010, then December 3, 2010 was used

14  as the end date.

15        8.     The average annual base compensation, not including bonuses or

16  incentive compensation, for these 524 current and former employees is

17  approximately $55,618.57.  The hourly equivalent, calculated by dividing this

18  average by 2,080, is $26.74 per hour.

19        9.     Between September 25, 2008 and May 5, 2010, approximately 57

20  Chase employees holding the official title of "Business Banker" or "Mgr-Small Bus

21  Relationship" have ended their employment with Chase.  The average annual

22  compensation for these former employees was $63,770.39, for an hourly equivalent

23  of $30.66.

24       10.    Employees holding the official title of "Business Banker" or "Mgr-

25  Small Bus Relationship" typically work five or more days per work week, and their

26  work days are typically longer than five hours.  At five work days per work week,

27  there are approximately 120,370.70 or more work days that current and former

28  employees who held the official title of "Business Banker" or "Mgr-Small Bus

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

2

DECLARATION OF TIFFANY A. HARRIS

Exhibit __B__ Page __12__

2010-Dec-17 06:49 PM JPMorgan Chase 516-574-7100                                               1/1

1   Relationship" could be eligible for meal breaks, before accounting for holidays,

2   vacations, sick leave, and other time off.

3       11.    Chase employees holding the official title of "Business Banker" and

4   "Mgr-Small Bus Relationship" may take time off for holidays, vacations, sick

5   leave, and other time off.  When accounting for holidays, vacation, and other time

6   off, employees holding the official title of "Business Banker" and "Mgr-Small Bus

7   Relationship" would typically work at least 40 weeks out of a 52-week year.

8       12.    A true and correct copy of a spreadsheet showing the start and end

9   dates of employment and annual salary for current and former employees in

10   California holding the official title of "Business Banker" or "Mgr-Small Bus

11   Relationship" between September 25, 2008 and December 3, 2010 is attached

12   hereto as Exhibit 1.  The employees' names have been removed to protect their

13   privacy.

14       I declare under penalty of perjury under the laws of the United States and the

15   State of California that the foregoing is true and correct.  Executed this 17th day of

16   December, 2010 at New Hyde Park, New York.

17

18                                   _____
                                         Tiffany A. Harris

19

20

21

22

23

24

25

26

27

28

Exhibit B Page 13

| TITLE | CLASS START | CLASS END | WW | SALARY | HOURLY EQUIV. |
|---|---|---|---|---|---|
| 524 | | | 24,074.14 | $55,618.57 | $26.74 |
| BB | 8/1/2010 | 12/3/2010 | 17.71 | $42,000.00 | $20.19 |
| BOTH | 7/1/2009 | 7/22/2010 | 55.14 | $87,000.00 | $41.83 |
| BOTH | 9/14/2009 | 12/3/2010 | 63.57 | $60,000.00 | $28.85 |
| BOTH | 7/1/2009 | 12/3/2010 | 74.29 | $70,000.00 | $33.65 |
| BB | 12/1/2009 | 12/3/2010 | 52.43 | $42,000.00 | $20.19 |
| BOTH | 4/1/2009 | 12/3/2010 | 87.29 | $49,999.99 | $24.04 |
| BOTH | 7/1/2009 | 8/31/2010 | 61.00 | $60,000.00 | $28.85 |
| BB | 1/11/2010 | 12/3/2010 | 46.57 | $50,000.00 | $24.04 |
| BB | 12/7/2009 | 12/3/2010 | 51.57 | $55,000.00 | $26.44 |
| BB | 2/1/2010 | 12/3/2010 | 43.57 | $44,990.40 | $21.63 |
| BB | 4/12/2010 | 12/3/2010 | 33.57 | $52,000.00 | $25.00 |
| SBRM | 7/1/2009 | 8/4/2009 | 4.86 | $44,000.00 | $21.15 |
| BB | 3/1/2010 | 12/3/2010 | 39.57 | $55,000.00 | $26.44 |
| BB | 8/1/2010 | 12/3/2010 | 17.71 | $37,408.00 | $17.98 |
| BOTH | 7/1/2009 | 12/3/2010 | 74.29 | $50,000.00 | $24.04 |
| BOTH | 9/29/2008 | 12/3/2010 | 113.57 | $75,000.00 | $36.06 |
| BB | 8/1/2010 | 12/3/2010 | 17.71 | $59,871.00 | $28.78 |
| BB | 4/1/2010 | 12/3/2010 | 35.14 | $41,995.20 | $20.19 |
| SBRM | 5/18/2009 | 4/2/2010 | 45.57 | $63,000.00 | $30.29 |
| BOTH | 7/1/2009 | 12/3/2010 | 74.29 | $80,000.00 | $38.46 |
| BB | 8/1/2010 | 12/3/2010 | 17.71 | $43,500.00 | $20.91 |
| SBRM | 7/1/2009 | 4/15/2010 | 41.29 | $85,000.00 | $40.87 |
| BB | 2/1/2010 | 12/3/2010 | 43.57 | $60,000.00 | $28.85 |
| BOTH | 5/26/2009 | 12/3/2010 | 79.43 | $54,000.00 | $25.96 |
| BB | 5/1/2010 | 12/3/2010 | 30.86 | $62,000.00 | $29.81 |
| BOTH | 9/25/2008 | 8/15/2010 | 98.57 | $87,000.00 | $41.83 |
| BOTH | 5/1/2009 | 12/3/2010 | 83.00 | $43,000.01 | $20.67 |
| BOTH | 4/1/2009 | 12/3/2010 | 87.29 | $67,999.99 | $32.69 |
| BOTH | 9/1/2009 | 12/3/2010 | 65.43 | $45,000.00 | $21.63 |
| BOTH | 6/1/2009 | 12/3/2010 | 78.57 | $60,000.00 | $28.85 |
| BOTH | 7/1/2009 | 12/3/2010 | 74.29 | $75,000.00 | $36.06 |
| BB | 12/1/2009 | 12/3/2010 | 52.43 | $40,000.00 | $19.23 |
| BOTH | 7/1/2009 | 7/31/2010 | 56.57 | $84,999.96 | $40.87 |
| BB | 5/17/2010 | 12/3/2010 | 28.57 | $57,000.00 | $27.40 |
| BB | 8/1/2010 | 12/3/2010 | 17.71 | $46,000.00 | $22.12 |
| SBRM | 9/8/2009 | 3/6/2010 | 25.57 | $58,000.00 | $27.88 |
| BB | 3/1/2010 | 9/28/2010 | 30.14 | $55,000.00 | $26.44 |
| SBRM | 7/1/2009 | 1/15/2010 | 28.43 | $77,860.27 | $37.43 |
| BB | 10/16/2010 | 12/3/2010 | 6.86 | $42,000.00 | $20.19 |
| SBRM | 4/1/2009 | 6/13/2009 | 10.43 | $40,000.01 | $19.23 |
| BOTH | 9/25/2008 | 12/3/2010 | 114.14 | $70,000.01 | $33.65 |
| BB | 7/1/2010 | 12/3/2010 | 22.14 | $43,000.00 | $20.67 |
| SBRM | 7/1/2009 | 1/5/2010 | 26.86 | $45,000.00 | $21.63 |
| BB | 12/1/2009 | 12/3/2010 | 52.43 | $40,000.00 | $19.23 |
| BOTH | 9/28/2009 | 12/3/2010 | 61.57 | $65,000.00 | $31.25 |
| SBRM | 9/25/2008 | 2/28/2009 | 22.43 | $65,000.04 | $31.25 |
| BB | 4/1/2010 | 12/3/2010 | 35.14 | $50,000.00 | $24.04 |
| BB | 8/1/2010 | 12/3/2010 | 17.71 | $35,000.00 | $16.83 |
| BOTH | 9/25/2008 | 12/3/2010 | 114.14 | $69,999.96 | $33.65 |
| BB | 1/11/2010 | 12/3/2010 | 46.57 | $65,000.00 | $31.25 |
| BOTH | 10/27/2009 | 12/3/2010 | 57.43 | $60,000.00 | $28.85 |
| BOTH | 10/5/2009 | 12/3/2010 | 60.57 | $52,000.00 | $25.00 |

| | | | | | |
|---|---|---|---|---|---|
| BB | 4/1/2010 | 12/3/2010 | 35.14 | $44,988.67 | $21.63 |
| BOTH | 9/25/2008 | 12/3/2010 | 114.14 | $77,500.01 | $37.26 |
| BOTH | 9/25/2008 | 12/3/2010 | 114.14 | $85,000.01 | $40.87 |
| BB | 7/1/2010 | 12/3/2010 | 22.14 | $57,500.00 | $27.64 |
| BOTH | 9/25/2008 | 12/3/2010 | 114.14 | $70,000.08 | $33.65 |
| BB | 12/3/2009 | 12/3/2010 | 52.14 | $57,000.00 | $27.40 |
| BOTH | 5/18/2009 | 12/3/2010 | 80.57 | $60,000.00 | $28.85 |
| BB | 11/2/2009 | 12/3/2010 | 56.57 | $55,000.00 | $26.44 |
| BOTH | 4/20/2009 | 12/3/2010 | 84.57 | $57,000.00 | $27.40 |
| BOTH | 8/1/2009 | 12/3/2010 | 69.86 | $45,000.00 | $21.63 |
| BB | 9/1/2010 | 12/3/2010 | 13.29 | $43,000.00 | $20.67 |
| BB | 10/1/2010 | 12/3/2010 | 9.00 | $42,000.00 | $20.19 |
| BB | 1/1/2010 | 12/3/2010 | 48.00 | $44,990.40 | $21.63 |
| BOTH | 7/1/2009 | 12/3/2010 | 74.29 | $70,000.00 | $33.65 |
| BB | 3/1/2010 | 12/3/2010 | 39.57 | $45,300.00 | $21.78 |
| BB | 8/1/2010 | 12/3/2010 | 17.71 | $42,000.00 | $20.19 |
| BOTH | 9/25/2008 | 10/3/2010 | 105.57 | $53,000.00 | $25.48 |
| BB | 10/1/2010 | 12/3/2010 | 9.00 | $55,000.00 | $26.44 |
| SBRM | 9/25/2008 | 7/10/2009 | 41.14 | $75,000.00 | $36.06 |
| BOTH | 7/1/2009 | 12/3/2010 | 74.29 | $57,000.00 | $27.40 |
| BB | 1/11/2010 | 12/3/2010 | 46.57 | $47,000.00 | $22.60 |
| BB | 4/1/2010 | 12/3/2010 | 35.14 | $42,000.00 | $20.19 |
| BB | 5/1/2010 | 12/3/2010 | 30.86 | $50,000.00 | $24.04 |
| BB | 2/1/2010 | 12/3/2010 | 43.57 | $65,000.00 | $31.25 |
| SBRM | 8/1/2009 | 5/2/2010 | 39.29 | $45,000.00 | $21.63 |
| BB | 8/1/2010 | 12/3/2010 | 17.71 | $42,000.00 | $20.19 |
| BOTH | 4/13/2009 | 12/3/2010 | 85.57 | $45,000.00 | $21.63 |
| BB | 9/1/2010 | 12/3/2010 | 13.29 | $42,000.00 | $20.19 |
| BB | 4/12/2010 | 12/3/2010 | 33.57 | $50,000.00 | $24.04 |
| BOTH | 7/1/2009 | 12/3/2010 | 74.29 | $75,000.00 | $36.06 |
| BB | 11/1/2010 | 12/3/2010 | 4.57 | $42,000.00 | $20.19 |
| BOTH | 3/16/2009 | 7/11/2010 | 69.00 | $40,000.01 | $19.23 |
| BOTH | 9/25/2008 | 12/3/2010 | 114.14 | $65,000.04 | $31.25 |
| BOTH | 5/18/2009 | 12/3/2010 | 80.57 | $57,000.00 | $27.40 |
| BB | 4/1/2010 | 12/3/2010 | 35.14 | $48,000.00 | $23.08 |
| BB | 3/1/2010 | 12/3/2010 | 39.57 | $50,000.00 | $24.04 |
| BOTH | 7/1/2009 | 12/3/2010 | 74.29 | $56,000.00 | $26.92 |
| SBRM | 4/1/2009 | 2/17/2010 | 46.00 | $47,500.01 | $22.84 |
| BB | 12/16/2009 | 7/15/2010 | 30.14 | $35,006.40 | $16.83 |
| BOTH | 7/1/2009 | 10/31/2010 | 69.71 | $60,000.00 | $28.85 |
| BOTH | 4/13/2009 | 11/15/2010 | 83.14 | $61,999.99 | $29.81 |
| SBRM | 9/25/2008 | 8/7/2009 | 45.14 | $87,000.00 | $41.83 |
| SBRM | 7/1/2009 | 2/16/2010 | 32.86 | $70,000.00 | $33.65 |
| BB | 1/1/2010 | 12/3/2010 | 48.00 | $45,000.00 | $21.63 |
| BOTH | 9/25/2008 | 12/3/2010 | 114.14 | $72,000.00 | $34.62 |
| SBRM | 5/4/2009 | 8/29/2009 | 16.71 | $48,000.00 | $23.08 |
| BB | 12/1/2010 | 12/3/2010 | 0.29 | $48,000.00 | $23.08 |
| SBRM | 5/18/2009 | 6/11/2009 | 3.43 | $61,000.01 | $29.33 |
| BOTH | 5/4/2009 | 12/3/2010 | 82.57 | $55,000.01 | $26.44 |
| BB | 12/1/2009 | 12/3/2010 | 52.43 | $63,000.00 | $30.29 |
| BB | 7/1/2010 | 12/3/2010 | 22.14 | $40,000.00 | $19.23 |
| BB | 8/2/2010 | 8/28/2010 | 3.71 | $60,000.00 | $28.85 |
| SBRM | 7/1/2009 | 10/16/2009 | 15.29 | $71,495.97 | $34.37 |
| BB | 10/1/2010 | 12/3/2010 | 9.00 | $53,000.00 | $25.48 |
| BOTH | 7/13/2009 | 10/8/2010 | 64.57 | $49,000.00 | $23.56 |
| SBRM | 7/1/2009 | 11/15/2009 | 19.71 | $68,000.00 | $32.69 |

Exhibit **B**  Page **15**

| | | | | | |
|---|---|---|---|---|---|
| BB | 7/15/2010 | 12/3/2010 | 20.14 | $58,000.00 | $27.88 |
| BB | 2/1/2010 | 12/3/2010 | 43.57 | $45,000.00 | $21.63 |
| BB | 1/4/2010 | 12/3/2010 | 47.57 | $45,000.00 | $21.63 |
| BOTH | 11/17/2008 | 8/24/2010 | 92.14 | $64,999.99 | $31.25 |
| SBRM | 7/1/2009 | 7/4/2009 | 0.43 | $60,000.00 | $28.85 |
| BB | 5/1/2010 | 12/3/2010 | 30.86 | $35,992.00 | $17.30 |
| BOTH | 4/13/2009 | 12/3/2010 | 85.57 | $58,000.01 | $27.88 |
| BB | 9/27/2010 | 12/3/2010 | 9.57 | $50,000.00 | $24.04 |
| BB | 6/1/2010 | 12/3/2010 | 26.43 | $59,000.00 | $28.37 |
| BB | 8/1/2010 | 12/3/2010 | 17.71 | $41,000.00 | $19.71 |
| SBRM | 9/8/2009 | 5/25/2010 | 37.00 | $48,000.00 | $23.08 |
| BB | 10/26/2009 | 12/3/2010 | 57.57 | $62,000.00 | $29.81 |
| SBRM | 5/16/2009 | 8/23/2009 | 14.29 | $40,000.01 | $19.23 |
| BB | 5/3/2010 | 12/3/2010 | 30.57 | $52,000.00 | $25.00 |
| BOTH | 9/25/2008 | 12/3/2010 | 114.14 | $75,000.00 | $36.06 |
| BB | 4/20/2010 | 12/3/2010 | 32.43 | $57,000.00 | $27.40 |
| BOTH | 4/16/2009 | 12/3/2010 | 85.14 | $46,999.99 | $22.60 |
| BB | 3/15/2010 | 12/3/2010 | 37.57 | $52,000.00 | $25.00 |
| BOTH | 9/1/2009 | 12/3/2010 | 65.43 | $45,000.00 | $21.63 |
| SBRM | 9/25/2008 | 5/29/2009 | 35.14 | $72,000.00 | $34.62 |
| BB | 9/1/2010 | 12/3/2010 | 13.29 | $47,000.00 | $22.60 |
| BB | 3/1/2010 | 12/3/2010 | 39.57 | $55,000.00 | $26.44 |
| BB | 9/1/2010 | 12/3/2010 | 13.29 | $45,651.00 | $21.95 |
| BB | 1/5/2010 | 5/15/2010 | 18.57 | $60,000.00 | $28.85 |
| BB | 10/1/2010 | 12/3/2010 | 9.00 | $45,000.00 | $21.63 |
| BOTH | 7/13/2009 | 12/3/2010 | 72.57 | $48,000.00 | $23.08 |
| BOTH | 9/1/2009 | 12/3/2010 | 65.43 | $55,000.00 | $26.44 |
| BOTH | 7/1/2009 | 7/15/2010 | 54.14 | $72,543.10 | $34.88 |
| SBRM | 7/1/2009 | 7/15/2009 | 2.14 | $42,000.00 | $20.19 |
| BB | 8/18/2010 | 12/3/2010 | 15.29 | $48,000.00 | $23.08 |
| BB | 7/1/2010 | 12/3/2010 | 22.14 | $47,500.00 | $22.84 |
| BB | 8/1/2010 | 12/3/2010 | 17.71 | $54,600.00 | $26.25 |
| BOTH | 6/1/2009 | 12/3/2010 | 78.57 | $45,000.00 | $21.63 |
| BB | 8/1/2010 | 12/3/2010 | 17.71 | $43,000.00 | $20.67 |
| BB | 8/1/2010 | 12/3/2010 | 17.71 | $54,000.00 | $25.96 |
| BB | 6/14/2010 | 12/3/2010 | 24.57 | $58,000.00 | $27.88 |
| SBRM | 7/1/2009 | 1/26/2010 | 29.86 | $72,500.00 | $34.86 |
| BB | 9/1/2010 | 12/3/2010 | 13.29 | $45,000.00 | $21.63 |
| BOTH | 9/25/2008 | 9/28/2010 | 104.71 | $73,500.00 | $35.34 |
| BOTH | 7/1/2010 | 12/3/2010 | 74.29 | $71,342.42 | $34.30 |
| BB | 9/15/2010 | 12/3/2010 | 11.29 | $45,000.00 | $21.63 |
| BOTH | 7/1/2009 | 10/9/2010 | 66.43 | $52,000.00 | $25.00 |
| BOTH | 7/1/2009 | 12/3/2010 | 74.29 | $72,278.32 | $34.75 |
| BB | 10/1/2010 | 12/3/2010 | 9.00 | $60,000.00 | $28.85 |
| SBRM | 4/1/2009 | 12/1/2009 | 34.86 | $75,000.00 | $36.06 |
| BB | 1/1/2010 | 12/3/2010 | 48.00 | $45,000.00 | $21.63 |
| SBRM | 9/25/2008 | 2/28/2009 | 22.43 | $99,999.96 | $48.08 |
| BB | 5/1/2010 | 12/3/2010 | 30.86 | $60,000.00 | $28.85 |
| BB | 11/9/2009 | 12/3/2010 | 55.57 | $60,000.00 | $28.85 |
| BB | 5/1/2010 | 12/3/2010 | 30.86 | $60,000.00 | $28.85 |
| BB | 2/15/2010 | 12/3/2010 | 41.57 | $50,000.00 | $24.04 |
| BB | 10/1/2010 | 12/3/2010 | 9.00 | $44,000.00 | $21.15 |
| BB | 3/1/2010 | 12/3/2010 | 39.57 | $45,000.00 | $21.63 |
| BB | 8/1/2010 | 12/3/2010 | 17.71 | $43,000.00 | $20.67 |
| BOTH | 8/17/2009 | 12/3/2010 | 67.57 | $60,000.00 | $28.85 |
| BB | 11/8/2010 | 12/3/2010 | 3.57 | $52,000.00 | $25.00 |

| BB | 1/1/2010 | 12/3/2010 | 48.00 | $39,998.40 | $19.23 |
|---|---|---|---|---|---|
| SBRM | 7/1/2009 | 8/4/2009 | 4.86 | $40,000.00 | $19.23 |
| BB | 8/1/2010 | 12/3/2010 | 17.71 | $40,000.00 | $19.23 |
| BOTH | 5/16/2009 | 7/25/2010 | 62.29 | $42,000.00 | $20.19 |
| BB | 10/1/2010 | 12/3/2010 | 9.00 | $45,000.00 | $21.63 |
| SBRM | 7/1/2009 | 7/16/2009 | 2.14 | $70,000.00 | $33.65 |
| SBRM | 3/16/2009 | 4/30/2010 | 58.71 | $48,000.00 | $23.08 |
| BB | 2/1/2010 | 12/3/2010 | 43.57 | $54,000.00 | $25.96 |
| BB | 10/1/2010 | 12/3/2010 | 9.00 | $60,000.00 | $28.85 |
| BB | 3/1/2010 | 12/3/2010 | 39.57 | $43,492.80 | $20.91 |
| BB | 12/28/2009 | 10/31/2010 | 44.00 | $58,000.00 | $27.88 |
| BOTH | 5/1/2009 | 12/3/2010 | 83.00 | $45,000.00 | $21.63 |
| BB | 10/18/2010 | 12/3/2010 | 6.57 | $51,000.00 | $24.52 |
| BB | 9/1/2010 | 12/3/2010 | 13.29 | $53,000.00 | $25.48 |
| BB | 10/1/2010 | 12/3/2010 | 9.00 | $44,990.40 | $21.63 |
| BB | 6/1/2010 | 12/3/2010 | 26.43 | $60,000.00 | $28.85 |
| BB | 3/1/2010 | 9/28/2010 | 30.14 | $58,000.00 | $27.88 |
| BB | 10/1/2010 | 12/3/2010 | 9.00 | $55,000.00 | $26.44 |
| BB | 8/1/2010 | 12/3/2010 | 17.71 | $55,000.00 | $26.44 |
| BOTH | 9/14/2009 | 12/3/2010 | 63.57 | $54,000.00 | $25.96 |
| SBRM | 7/1/2009 | 2/3/2010 | 31.00 | $76,417.81 | $36.74 |
| BOTH | 7/20/2009 | 12/3/2010 | 71.57 | $56,000.00 | $26.92 |
| BOTH | 7/1/2009 | 12/3/2010 | 74.29 | $75,419.96 | $36.26 |
| BB | 6/7/2010 | 12/3/2010 | 25.57 | $54,000.00 | $25.96 |
| BB | 8/1/2010 | 12/3/2010 | 17.71 | $42,000.00 | $20.19 |
| BB | 5/1/2010 | 12/3/2010 | 30.86 | $50,000.00 | $24.04 |
| BB | 8/1/2010 | 12/3/2010 | 17.71 | $43,000.00 | $20.67 |
| BOTH | 4/1/2009 | 12/3/2010 | 87.29 | $40,000.01 | $19.23 |
| BOTH | 7/1/2009 | 9/30/2010 | 65.29 | $72,620.85 | $34.91 |
| BB | 8/30/2010 | 12/3/2010 | 13.57 | $50,000.00 | $24.04 |
| BB | 9/25/2008 | 12/3/2010 | 114.14 | $52,000.00 | $25.00 |
| BB | 10/1/2010 | 12/3/2010 | 9.00 | $42,000.00 | $20.19 |
| BOTH | 4/1/2009 | 12/3/2010 | 87.29 | $40,000.01 | $19.23 |
| BOTH | 7/6/2009 | 12/3/2010 | 73.57 | $40,000.00 | $19.23 |
| BOTH | 9/25/2008 | 12/3/2010 | 114.14 | $84,999.96 | $40.87 |
| BOTH | 5/1/2009 | 12/3/2010 | 83.00 | $70,000.01 | $33.65 |
| BOTH | 7/6/2009 | 12/3/2010 | 73.57 | $58,000.00 | $27.88 |
| SBRM | 7/14/2009 | 5/1/2010 | 41.57 | $60,000.00 | $28.85 |
| SBRM | 6/15/2009 | 4/1/2010 | 41.43 | $58,000.00 | $27.88 |
| BOTH | 4/1/2009 | 12/3/2010 | 87.29 | $40,000.01 | $19.23 |
| BOTH | 7/17/2009 | 12/3/2010 | 72.00 | $62,000.00 | $29.81 |
| BOTH | 7/1/2009 | 12/3/2010 | 74.29 | $40,000.00 | $19.23 |
| BOTH | 9/25/2008 | 9/25/2010 | 104.29 | $75,000.00 | $36.06 |
| BB | 2/1/2010 | 10/1/2010 | 34.57 | $39,998.40 | $19.23 |
| SBRM | 9/25/2008 | 6/19/2010 | 90.29 | $72,000.00 | $34.62 |
| SBRM | 7/1/2009 | 11/30/2009 | 21.86 | $75,361.31 | $36.23 |
| BB | 3/16/2010 | 12/3/2010 | 37.43 | $48,000.00 | $23.08 |
| BB | 9/1/2010 | 12/3/2010 | 13.29 | $41,319.00 | $19.86 |
| BB | 3/1/2010 | 12/3/2010 | 39.57 | $57,000.00 | $27.40 |
| BB | 8/1/2010 | 12/3/2010 | 17.71 | $47,000.00 | $22.60 |
| BOTH | 8/1/2009 | 12/3/2010 | 69.86 | $45,000.00 | $21.63 |
| BOTH | 7/1/2009 | 12/3/2010 | 74.29 | $68,447.16 | $32.91 |
| SBRM | 12/28/2009 | 5/15/2010 | 19.86 | $52,000.00 | $25.00 |
| BB | 9/1/2010 | 12/3/2010 | 13.29 | $42,000.00 | $20.19 |
| BB | 6/1/2010 | 12/3/2010 | 26.43 | $60,000.00 | $28.85 |
| BB | 8/1/2010 | 12/3/2010 | 17.71 | $40,500.00 | $19.47 |

Exhibit __B__ Page __17__

| | | | | | |
|---|---|---|---|---|---|
| BB | 7/1/2010 | 12/3/2010 | 22.14 | $48,000.00 | $23.08 |
| SBRM | 7/1/2009 | 2/7/2010 | 31.71 | $75,000.00 | $36.06 |
| BB | 8/16/2010 | 12/3/2010 | 15.57 | $49,000.00 | $23.56 |
| BOTH | 7/1/2009 | 10/31/2010 | 69.71 | $52,000.00 | $25.00 |
| BB | 8/1/2010 | 12/3/2010 | 17.71 | $38,000.00 | $18.27 |
| BOTH | 3/16/2009 | 12/3/2010 | 89.57 | $46,000.01 | $22.12 |
| BB | 4/1/2010 | 12/3/2010 | 35.14 | $65,000.00 | $31.25 |
| BOTH | 9/25/2008 | 12/3/2010 | 114.14 | $87,000.00 | $41.83 |
| SBRM | 9/25/2008 | 3/15/2009 | 24.57 | $69,999.96 | $33.65 |
| BB | 12/1/2009 | 12/3/2010 | 52.43 | $62,000.00 | $29.81 |
| BOTH | 5/1/2009 | 11/24/2010 | 81.71 | $42,000.00 | $20.19 |
| BB | 5/1/2010 | 12/3/2010 | 30.86 | $60,000.00 | $28.85 |
| BOTH | 11/30/2009 | 12/3/2010 | 52.57 | $53,000.00 | $25.48 |
| BB | 2/2/2010 | 12/3/2010 | 43.43 | $60,000.00 | $28.85 |
| BOTH | 7/1/2009 | 9/17/2010 | 63.29 | $63,000.00 | $30.29 |
| BB | 9/1/2010 | 12/3/2010 | 13.29 | $51,000.00 | $24.52 |
| BB | 12/1/2009 | 7/13/2010 | 32.00 | $50,000.00 | $24.04 |
| BOTH | 7/1/2009 | 12/3/2010 | 74.29 | $60,000.00 | $28.85 |
| SBRM | 9/25/2008 | 5/13/2010 | 85.00 | $70,000.01 | $33.65 |
| BOTH | 9/25/2008 | 12/3/2010 | 114.14 | $70,000.00 | $33.65 |
| BOTH | 5/16/2009 | 12/3/2010 | 80.86 | $43,000.01 | $20.67 |
| BOTH | 5/1/2009 | 12/3/2010 | 83.00 | $40,000.01 | $19.23 |
| BB | 12/1/2009 | 12/3/2010 | 52.43 | $45,000.00 | $21.63 |
| BB | 1/11/2010 | 12/3/2010 | 46.57 | $60,000.00 | $28.85 |
| SBRM | 9/25/2008 | 12/20/2008 | 12.29 | $64,999.99 | $31.25 |
| BOTH | 9/8/2010 | 12/3/2010 | 64.43 | $51,500.00 | $24.76 |
| SBRM | 4/1/2009 | 7/11/2009 | 14.43 | $46,999.99 | $22.60 |
| BB | 10/1/2010 | 12/3/2010 | 9.00 | $50,000.00 | $24.04 |
| BB | 3/1/2010 | 12/3/2010 | 39.57 | $60,000.00 | $28.85 |
| BB | 8/1/2010 | 12/3/2010 | 17.71 | $50,000.00 | $24.04 |
| BOTH | 7/6/2009 | 12/3/2010 | 73.57 | $60,000.00 | $28.85 |
| SBRM | 5/1/2009 | 9/30/2009 | 21.86 | $75,000.00 | $36.06 |
| BOTH | 7/1/2009 | 10/15/2010 | 67.29 | $76,000.00 | $36.54 |
| SBRM | 9/25/2008 | 7/31/2009 | 44.29 | $75,000.00 | $36.06 |
| BB | 1/16/2010 | 12/3/2010 | 45.86 | $75,000.00 | $36.06 |
| BB | 3/16/2010 | 12/3/2010 | 37.43 | $50,000.00 | $24.04 |
| BOTH | 5/8/2009 | 12/3/2010 | 82.00 | $42,000.00 | $20.19 |
| BOTH | 7/1/2009 | 12/3/2010 | 74.29 | $50,000.00 | $24.04 |
| SBRM | 6/24/2009 | 8/1/2009 | 5.43 | $60,000.00 | $28.85 |
| BOTH | 6/1/2009 | 12/3/2010 | 78.57 | $45,000.00 | $21.63 |
| BB | 10/1/2010 | 12/3/2010 | 9.00 | $45,000.00 | $21.63 |
| BB | 1/1/2010 | 4/4/2010 | 13.43 | $41,995.20 | $20.19 |
| BB | 1/1/2010 | 9/1/2010 | 34.71 | $42,000.00 | $20.19 |
| BOTH | 6/29/2009 | 12/3/2010 | 74.57 | $51,000.00 | $24.52 |
| BB | 10/19/2009 | 12/3/2010 | 58.57 | $50,000.00 | $24.04 |
| BB | 3/1/2010 | 12/3/2010 | 39.57 | $42,993.60 | $20.67 |
| BB | 8/12/2010 | 12/3/2010 | 16.14 | $55,000.00 | $26.44 |
| BOTH | 5/16/2009 | 7/31/2010 | 63.14 | $52,500.00 | $25.24 |
| BB | 2/1/2010 | 3/7/2010 | 5.00 | $45,000.00 | $21.63 |
| BB | 1/16/2010 | 3/5/2010 | 6.86 | $39,998.40 | $19.23 |
| SBRM | 7/15/2009 | 2/6/2010 | 29.43 | $65,000.00 | $31.25 |
| BB | 8/1/2010 | 12/3/2010 | 17.71 | $55,000.00 | $26.44 |
| BOTH | 7/1/2009 | 10/2/2010 | 65.43 | $60,000.00 | $28.85 |
| BOTH | 7/1/2009 | 9/1/2010 | 61.00 | $76,446.58 | $36.75 |
| BOTH | 7/1/2009 | 12/3/2010 | 74.29 | $43,000.00 | $20.67 |
| BB | 6/1/2010 | 12/3/2010 | 26.43 | $45,000.00 | $21.63 |

| BB | 7/16/2010 | 12/3/2010 | 20.00 | $45,000.00 | $21.63 |
|------|-----------|-----------|--------|-------------|---------|
| SBRM | 9/25/2008 | 7/19/2009 | 42.43 | $82,000.01 | $39.42 |
| BOTH | 9/25/2008 | 12/3/2010 | 114.14 | $44,000.00 | $21.15 |
| BOTH | 7/1/2009 | 12/3/2010 | 74.29 | $69,999.96 | $33.65 |
| BB | 10/1/2010 | 12/3/2010 | 9.00 | $53,000.00 | $25.48 |
| BB | 1/16/2010 | 12/3/2010 | 45.86 | $39,998.40 | $19.23 |
| SBRM | 6/1/2009 | 1/16/2010 | 32.71 | $64,999.99 | $31.25 |
| BOTH | 9/25/2008 | 12/3/2010 | 114.14 | $65,000.04 | $31.25 |
| SBRM | 7/1/2009 | 6/12/2010 | 49.43 | $50,000.00 | $24.04 |
| BB | 4/1/2010 | 12/3/2010 | 35.14 | $55,000.00 | $26.44 |
| BB | 3/1/2010 | 12/3/2010 | 39.57 | $45,000.00 | $21.63 |
| BB | 4/1/2010 | 12/3/2010 | 35.14 | $54,000.00 | $25.96 |
| BB | 1/1/2010 | 12/3/2010 | 48.00 | $40,000.00 | $19.23 |
| SBRM | 4/1/2009 | 10/15/2009 | 28.14 | $64,999.99 | $31.25 |
| BOTH | 3/16/2009 | 12/3/2010 | 89.57 | $54,000.00 | $25.96 |
| BOTH | 4/1/2009 | 12/3/2010 | 87.29 | $40,000.01 | $19.23 |
| BOTH | 7/1/2009 | 12/3/2010 | 74.29 | $50,000.00 | $24.04 |
| BOTH | 7/1/2009 | 12/3/2010 | 74.29 | $40,000.00 | $19.23 |
| BOTH | 9/25/2008 | 12/3/2010 | 114.14 | $70,000.01 | $33.65 |
| BOTH | 9/8/2009 | 8/13/2010 | 48.43 | $60,000.00 | $28.85 |
| BOTH | 9/21/2009 | 12/3/2010 | 62.57 | $60,000.00 | $28.85 |
| BOTH | 7/1/2009 | 7/30/2010 | 56.29 | $75,245.70 | $36.18 |
| BOTH | 10/19/2009 | 12/3/2010 | 58.57 | $60,000.00 | $28.85 |
| BB | 8/16/2010 | 12/3/2010 | 15.57 | $58,000.00 | $27.88 |
| BOTH | 4/1/2009 | 12/3/2010 | 87.29 | $45,000.00 | $21.63 |
| BOTH | 6/1/2009 | 11/23/2010 | 77.14 | $60,000.00 | $28.85 |
| BOTH | 5/8/2009 | 12/3/2010 | 82.00 | $40,000.01 | $19.23 |
| SBRM | 9/25/2008 | 3/15/2009 | 24.57 | $70,000.01 | $33.65 |
| BOTH | 9/14/2009 | 10/16/2010 | 56.71 | $53,000.00 | $25.48 |
| BB | 9/1/2010 | 12/3/2010 | 13.29 | $40,000.00 | $19.23 |
| BOTH | 7/1/2009 | 12/3/2010 | 74.29 | $42,000.00 | $20.19 |
| SBRM | 9/25/2008 | 12/31/2009 | 66.14 | $70,000.01 | $33.65 |
| BOTH | 4/1/2009 | 12/3/2010 | 87.29 | $67,999.99 | $32.69 |
| BB | 1/1/2010 | 12/3/2010 | 48.00 | $39,998.40 | $19.23 |
| BB | 9/1/2010 | 12/3/2010 | 13.29 | $47,378.00 | $22.78 |
| BOTH | 7/16/2009 | 9/15/2010 | 60.86 | $46,000.00 | $22.12 |
| BOTH | 4/1/2009 | 12/3/2010 | 87.29 | $67,999.99 | $32.69 |
| BOTH | 7/1/2009 | 12/3/2010 | 74.29 | $46,000.00 | $22.12 |
| BOTH | 7/20/2009 | 12/3/2010 | 71.57 | $60,000.00 | $28.85 |
| BB | 7/1/2010 | 12/3/2010 | 22.14 | $59,000.00 | $28.37 |
| BOTH | 7/1/2009 | 12/3/2010 | 74.29 | $45,000.00 | $21.63 |
| BB | 9/1/2010 | 9/5/2010 | 0.71 | $44,000.00 | $21.15 |
| BB | 10/1/2010 | 12/3/2010 | 9.00 | $44,000.00 | $21.15 |
| BB | 10/26/2009 | 12/3/2010 | 57.57 | $65,000.00 | $31.25 |
| BOTH | 7/1/2009 | 12/3/2010 | 74.29 | $48,000.00 | $23.08 |
| BOTH | 7/1/2009 | 9/16/2010 | 63.14 | $62,000.00 | $29.81 |
| BB | 9/1/2010 | 12/3/2010 | 13.29 | $42,000.00 | $20.19 |
| BOTH | 6/22/2009 | 12/3/2010 | 75.57 | $51,000.00 | $24.52 |
| BB | 8/1/2010 | 12/3/2010 | 17.71 | $49,920.00 | $24.00 |
| BOTH | 7/1/2009 | 12/3/2010 | 74.29 | $50,000.00 | $24.04 |
| BOTH | 7/13/2009 | 12/3/2010 | 72.57 | $56,000.00 | $26.92 |
| BOTH | 5/1/2009 | 12/3/2010 | 83.00 | $60,000.00 | $28.85 |
| SBRM | 9/25/2008 | 10/31/2009 | 57.43 | $81,999.96 | $39.42 |
| SBRM | 9/25/2008 | 11/29/2008 | 9.29 | $85,999.92 | $41.35 |
| SBRM | 8/3/2009 | 4/3/2010 | 34.71 | $54,000.00 | $25.96 |
| BB | 5/1/2010 | 12/3/2010 | 30.86 | $43,000.00 | $20.67 |

Exhibit __B__ Page __19__

| | | | | | |
|------|------------|------------|--------|-------------|---------|
| BB | 1/1/2010 | 9/23/2010 | 37.86 | $39,998.40 | $19.23 |
| SBRM | 4/1/2009 | 4/30/2010 | 56.29 | $67,999.99 | $32.69 |
| BOTH | 10/1/2009 | 12/3/2010 | 61.14 | $60,000.00 | $28.85 |
| BB | 9/23/2010 | 12/3/2010 | 10.14 | $55,000.00 | $26.44 |
| BOTH | 3/16/2009 | 12/3/2010 | 89.57 | $63,000.00 | $30.29 |
| SBRM | 8/3/2010 | 8/21/2009 | 2.57 | $53,000.00 | $25.48 |
| BB | 6/1/2010 | 12/3/2010 | 26.43 | $60,000.00 | $28.85 |
| BB | 6/1/2010 | 7/3/2010 | 4.57 | $55,000.00 | $26.44 |
| SBRM | 9/25/2008 | 10/3/2008 | 1.14 | $64,999.99 | $31.25 |
| BB | 1/1/2010 | 12/3/2010 | 48.00 | $45,000.00 | $21.63 |
| BB | 12/2/2009 | 12/3/2010 | 52.29 | $55,000.00 | $26.44 |
| BB | 8/1/2010 | 12/3/2010 | 17.71 | $45,000.00 | $21.63 |
| BB | 8/1/2010 | 12/3/2010 | 17.71 | $52,000.00 | $25.00 |
| BB | 7/1/2010 | 12/3/2010 | 22.14 | $45,000.00 | $21.63 |
| BOTH | 5/26/2009 | 12/3/2010 | 79.43 | $58,000.01 | $27.88 |
| BB | 12/7/2009 | 12/3/2010 | 51.57 | $55,000.00 | $26.44 |
| BOTH | 10/19/2009 | 12/3/2010 | 58.57 | $43,000.00 | $20.67 |
| BOTH | 8/16/2009 | 12/3/2010 | 67.71 | $45,000.00 | $21.63 |
| BOTH | 4/14/2009 | 12/3/2010 | 85.43 | $60,000.00 | $28.85 |
| BB | 11/16/2009 | 6/19/2010 | 30.71 | $60,000.00 | $28.85 |
| BB | 7/1/2010 | 12/3/2010 | 22.14 | $59,000.00 | $28.37 |
| SBRM | 7/1/2009 | 3/10/2010 | 36.00 | $65,000.00 | $31.25 |
| BOTH | 7/1/2010 | 12/3/2010 | 74.29 | $60,000.00 | $28.85 |
| BOTH | 9/25/2008 | 7/31/2010 | 96.43 | $69,996.00 | $33.65 |
| BB | 8/1/2010 | 12/3/2010 | 17.71 | $55,000.00 | $26.44 |
| BB | 4/1/2010 | 12/3/2010 | 35.14 | $52,005.16 | $25.00 |
| BOTH | 3/16/2009 | 8/31/2010 | 76.29 | $60,000.00 | $28.85 |
| BB | 4/19/2010 | 12/3/2010 | 32.57 | $54,000.00 | $25.96 |
| SBRM | 9/25/2008 | 5/15/2009 | 33.29 | $84,000.00 | $40.38 |
| BOTH | 5/11/2009 | 12/3/2010 | 81.57 | $49,999.99 | $24.04 |
| BB | 8/1/2010 | 12/3/2010 | 17.71 | $41,000.00 | $19.71 |
| SBRM | 9/25/2008 | 2/5/2010 | 71.14 | $65,000.04 | $31.25 |
| BB | 5/1/2010 | 12/3/2010 | 30.86 | $64,500.00 | $31.01 |
| BB | 11/8/2010 | 12/3/2010 | 3.57 | $48,000.00 | $23.08 |
| BB | 12/14/2009 | 12/3/2010 | 50.57 | $58,000.00 | $27.88 |
| BB | 8/1/2010 | 12/3/2010 | 17.71 | $41,000.00 | $19.71 |
| BB | 4/8/2010 | 12/3/2010 | 34.14 | $55,000.00 | $26.44 |
| BB | 5/1/2010 | 12/3/2010 | 30.86 | $53,000.00 | $25.48 |
| SBRM | 9/25/2008 | 7/21/2009 | 42.71 | $72,000.00 | $34.62 |
| SBRM | 6/1/2010 | 5/1/2010 | 47.71 | $57,000.00 | $27.40 |
| BB | 8/16/2010 | 12/3/2010 | 15.57 | $46,500.00 | $22.36 |
| BOTH | 8/10/2009 | 12/3/2010 | 68.57 | $41,000.00 | $19.71 |
| BB | 3/1/2010 | 12/3/2010 | 39.57 | $58,000.00 | $27.88 |
| BB | 3/1/2010 | 12/3/2010 | 39.57 | $55,000.00 | $26.44 |
| BOTH | 9/25/2008 | 12/3/2010 | 114.14 | $52,500.00 | $25.24 |
| BOTH | 7/1/2009 | 12/3/2010 | 74.29 | $48,000.00 | $23.08 |
| BB | 9/1/2010 | 12/3/2010 | 13.29 | $46,000.00 | $22.12 |
| BOTH | 7/1/2009 | 12/3/2010 | 74.29 | $45,000.00 | $21.63 |
| BOTH | 8/3/2009 | 9/11/2010 | 57.71 | $60,000.00 | $28.85 |
| BB | 10/1/2010 | 12/3/2010 | 9.00 | $40,000.00 | $19.23 |
| BB | 9/1/2010 | 12/3/2010 | 13.29 | $40,000.00 | $19.23 |
| BOTH | 6/1/2009 | 12/3/2010 | 78.57 | $46,000.01 | $22.12 |
| SBRM | 7/1/2009 | 9/30/2009 | 13.14 | $40,000.00 | $19.23 |
| BB | 8/1/2010 | 12/3/2010 | 17.71 | $43,000.00 | $20.67 |
| BOTH | 6/1/2009 | 12/3/2010 | 78.57 | $49,999.99 | $24.04 |

Exhibit __B__ Page __20__

| BB | 10/1/2010 | 12/3/2010 | 9.00 | $40,000.00 | $19.23 |
|------|-----------|-----------|--------|-------------|---------|
| SBRM | 6/22/2009 | 3/20/2010 | 38.71 | $60,000.00 | $28.85 |
| SBRM | 8/24/2009 | 6/30/2010 | 44.43 | $48,000.00 | $23.08 |
| BOTH | 6/29/2009 | 12/3/2010 | 74.57 | $40,000.01 | $19.23 |
| BB | 10/1/2010 | 12/3/2010 | 9.00 | $48,000.00 | $23.08 |
| SBRM | 9/25/2008 | 11/28/2009 | 61.29 | $94,999.99 | $45.67 |
| BOTH | 7/1/2009 | 12/3/2010 | 74.29 | $89,000.00 | $42.79 |
| BB | 8/1/2010 | 12/3/2010 | 17.71 | $43,000.00 | $20.67 |
| BB | 4/1/2010 | 12/3/2010 | 35.14 | $43,992.00 | $21.15 |
| BOTH | 9/15/2009 | 12/3/2010 | 63.43 | $55,000.00 | $26.44 |
| BB | 7/1/2010 | 12/3/2010 | 22.14 | $58,000.00 | $27.88 |
| SBRM | 4/1/2009 | 12/31/2009 | 39.29 | $75,000.00 | $36.06 |
| SBRM | 10/19/2009 | 12/3/2010 | 58.57 | $65,000.00 | $31.25 |
| SBRM | 7/1/2009 | 2/25/2010 | 34.14 | $40,000.00 | $19.23 |
| BB | 9/17/2010 | 12/3/2010 | 11.00 | $55,000.00 | $26.44 |
| BB | 5/10/2010 | 12/3/2010 | 29.57 | $45,000.00 | $21.63 |
| BOTH | 7/1/2009 | 12/3/2010 | 74.29 | $53,000.00 | $25.48 |
| BB | 8/1/2010 | 12/3/2010 | 17.71 | $42,993.60 | $20.67 |
| BB | 10/1/2010 | 12/3/2010 | 9.00 | $55,000.00 | $26.44 |
| BB | 6/1/2010 | 12/3/2010 | 26.43 | $46,000.00 | $22.12 |
| BB | 8/1/2010 | 12/3/2010 | 17.71 | $57,000.00 | $27.40 |
| BOTH | 3/16/2009 | 7/31/2010 | 71.86 | $60,000.00 | $28.85 |
| BOTH | 10/19/2009 | 12/3/2010 | 58.57 | $58,000.00 | $27.88 |
| BOTH | 6/1/2009 | 12/3/2010 | 78.57 | $60,000.00 | $28.85 |
| BB | 10/1/2010 | 12/3/2010 | 9.00 | $55,000.00 | $26.44 |
| SBRM | 4/1/2009 | 8/15/2009 | 19.43 | $70,000.01 | $33.65 |
| BOTH | 9/1/2009 | 12/3/2010 | 65.43 | $60,000.00 | $28.85 |
| BB | 1/11/2010 | 3/19/2010 | 9.57 | $55,000.00 | $26.44 |
| SBRM | 7/1/2009 | 10/31/2009 | 17.57 | $75,000.00 | $36.06 |
| BB | 3/1/2010 | 12/3/2010 | 39.57 | $56,000.00 | $26.92 |
| BOTH | 9/1/2009 | 12/3/2010 | 65.43 | $62,500.00 | $30.05 |
| BB | 10/1/2010 | 12/3/2010 | 9.00 | $39,998.40 | $19.23 |
| BOTH | 5/4/2009 | 12/3/2010 | 82.57 | $64,999.99 | $31.25 |
| BOTH | 5/1/2009 | 7/16/2010 | 63.00 | $64,999.99 | $31.25 |
| BOTH | 9/25/2008 | 12/3/2010 | 114.14 | $65,000.04 | $31.25 |
| BB | 5/1/2010 | 12/3/2010 | 30.86 | $36,992.00 | $17.78 |
| BOTH | 7/1/2009 | 12/3/2010 | 74.29 | $57,000.00 | $27.40 |
| BB | 7/1/2010 | 12/3/2010 | 22.14 | $50,000.00 | $24.04 |
| BB | 8/1/2010 | 12/3/2010 | 17.71 | $50,000.00 | $24.04 |
| BB | 4/16/2010 | 12/3/2010 | 33.00 | $42,000.00 | $20.19 |
| BB | 12/10/2009 | 12/3/2010 | 51.14 | $58,000.00 | $27.88 |
| BB | 11/15/2010 | 12/3/2010 | 2.57 | $50,000.00 | $24.04 |
| BB | 6/1/2010 | 12/3/2010 | 26.43 | $52,000.00 | $25.00 |
| BOTH | 4/1/2009 | 12/3/2010 | 87.29 | $42,000.00 | $20.19 |
| BOTH | 3/16/2009 | 9/11/2010 | 77.71 | $60,000.00 | $28.85 |
| BOTH | 9/8/2009 | 12/3/2010 | 64.43 | $60,000.00 | $28.85 |
| BOTH | 7/1/2009 | 12/3/2010 | 74.29 | $76,450.19 | $36.75 |
| BB | 8/1/2010 | 12/3/2010 | 17.71 | $50,000.00 | $24.04 |
| BOTH | 4/1/2009 | 12/3/2010 | 87.29 | $47,500.01 | $22.84 |
| BOTH | 9/25/2008 | 12/3/2010 | 114.14 | $75,000.00 | $36.06 |
| SBRM | 9/1/2009 | 5/15/2010 | 36.57 | $56,000.00 | $26.92 |
| SBRM | 9/25/2008 | 11/18/2008 | 7.71 | $69,999.96 | $33.65 |
| BB | 3/1/2010 | 12/3/2010 | 39.57 | $65,000.00 | $31.25 |
| BB | 7/15/2010 | 12/3/2010 | 20.14 | $59,000.00 | $28.37 |
| BOTH | 9/21/2009 | 12/3/2010 | 62.57 | $55,000.00 | $26.44 |
| BB | 4/12/2010 | 12/3/2010 | 33.57 | $56,000.00 | $26.92 |

Exhibit __B__ Page __22__

| BB | 10/1/2010 | 12/3/2010 | 9.00 | $45,000.00 | $21.63 |
|------|-----------|-----------|--------|------------|--------|
| SBRM | 9/25/2008 | 10/3/2009 | 53.29 | $79,999.99 | $38.46 |
| BOTH | 7/13/2009 | 8/13/2009 | 56.57 | $60,000.00 | $28.85 |
| BB | 10/5/2010 | 12/3/2010 | 8.43 | $55,000.00 | $26.44 |
| BB | 8/1/2010 | 12/3/2010 | 17.71 | $55,000.00 | $26.44 |
| SBRM | 7/1/2009 | 9/5/2009 | 9.43 | $64,999.92 | $31.25 |
| BB | 4/1/2010 | 12/3/2010 | 35.14 | $55,000.00 | $26.44 |
| BOTH | 9/1/2009 | 12/3/2010 | 65.43 | $60,000.00 | $28.85 |
| SBRM | 3/16/2009 | 7/18/2009 | 17.71 | $60,000.00 | $28.85 |
| BOTH | 7/1/2009 | 12/3/2010 | 74.29 | $60,000.00 | $28.85 |
| BB | 9/1/2010 | 12/3/2010 | 13.29 | $58,000.00 | $27.88 |
| BB | 2/2/2010 | 10/13/2010 | 36.14 | $62,000.00 | $29.81 |
| SBRM | 9/25/2008 | 8/29/2009 | 48.29 | $75,000.00 | $36.06 |
| BOTH | 6/22/2009 | 12/3/2010 | 75.57 | $54,000.00 | $25.96 |
| SBRM | 9/25/2008 | 3/24/2009 | 25.71 | $75,000.00 | $36.06 |
| BB | 5/17/2010 | 12/3/2010 | 28.57 | $60,000.00 | $28.85 |
| BB | 7/1/2010 | 12/3/2010 | 22.14 | $59,000.00 | $28.37 |
| BB | 9/25/2008 | 12/3/2010 | 114.14 | $61,200.00 | $29.42 |
| SBRM | 7/1/2009 | 6/30/2010 | 52.14 | $45,000.00 | $21.63 |
| BB | 5/1/2010 | 12/3/2010 | 30.86 | $57,000.00 | $27.40 |
| BB | 3/1/2010 | 12/3/2010 | 39.57 | $45,000.00 | $21.63 |
| BOTH | 9/1/2009 | 12/3/2010 | 65.43 | $60,000.00 | $28.85 |
| SBRM | 6/1/2009 | 8/18/2009 | 11.14 | $43,999.99 | $21.15 |
| BB | 10/1/2010 | 12/3/2010 | 9.00 | $46,000.00 | $22.12 |
| BOTH | 9/25/2008 | 12/3/2010 | 114.14 | $75,000.00 | $36.06 |
| BB | 2/15/2010 | 12/3/2010 | 41.57 | $50,000.00 | $24.04 |
| BOTH | 8/10/2009 | 8/13/2010 | 52.57 | $57,000.00 | $27.40 |
| BOTH | 7/1/2009 | 12/3/2010 | 74.29 | $62,000.00 | $29.81 |
| SBRM | 5/18/2009 | 10/28/2009 | 23.29 | $49,999.99 | $24.04 |
| SBRM | 9/25/2008 | 9/15/2009 | 50.86 | $85,000.01 | $40.87 |
| BB | 5/1/2010 | 12/3/2010 | 30.86 | $87,550.00 | $42.09 |
| BOTH | 7/1/2009 | 12/3/2010 | 74.29 | $42,000.00 | $20.19 |
| SBRM | 6/15/2009 | 6/12/2010 | 51.71 | $52,000.01 | $25.00 |
| BB. | 6/1/2010 | 12/3/2010 | 26.43 | $45,000.00 | $21.63 |
| BB | 9/15/2010 | 12/3/2010 | 11.29 | $52,000.00 | $25.00 |
| BB | 8/1/2010 | 12/3/2010 | 17.71 | $38,000.00 | $18.27 |
| BB | 1/1/2010 | 12/3/2010 | 48.00 | $44,990.40 | $21.63 |
| BB | 8/1/2010 | 12/3/2010 | 17.71 | $52,000.00 | $25.00 |
| SBRM | 9/25/2008 | 6/30/2009 | 39.86 | $75,000.00 | $36.06 |
| BOTH | 7/1/2009 | 12/3/2010 | 74.29 | $75,000.00 | $36.06 |
| BB | 3/1/2010 | 12/3/2010 | 39.57 | $60,000.00 | $28.85 |
| SBRM | 9/25/2008 | 4/18/2009 | 29.29 | $70,000.06 | $33.65 |
| SBRM | 9/25/2008 | 2/28/2010 | 74.57 | $70,000.08 | $33.65 |
| BOTH | 7/1/2009 | 12/3/2010 | 74.29 | $66,702.51 | $32.07 |
| BOTH | 9/25/2008 | 9/30/2010 | 105.14 | $94,999.92 | $45.67 |
| BB | 7/1/2010 | 9/30/2010 | 13.14 | $97,745.81 | $46.99 |
| BB | 7/1/2010 | 12/3/2010 | 22.14 | $58,000.00 | $27.88 |
| BB | 1/1/2010 | 12/3/2010 | 48.00 | $39,998.40 | $19.23 |
| BOTH | 6/8/2009 | 12/3/2010 | 77.57 | $43,999.99 | $21.15 |
| BB | 7/1/2010 | 12/3/2010 | 22.14 | $40,000.00 | $19.23 |
| BOTH | 7/1/2009 | 9/2/2010 | 61.14 | $65,000.00 | $31.25 |
| BB | 2/2/2010 | 12/3/2010 | 43.43 | $60,000.00 | $28.85 |
| BB | 8/1/2010 | 12/3/2010 | 17.71 | $41,673.00 | $20.04 |
| BB | 3/1/2010 | 8/1/2010 | 22.00 | $60,000.00 | $28.85 |
| BB | 4/12/2010 | 12/3/2010 | 33.57 | $52,000.00 | $25.00 |
| BOTH | 9/1/2009 | 12/3/2010 | 65.43 | $52,000.00 | $25.00 |

Exhibit ___B___ Page ___23___

| | | | | | |
|------|-----------|------------|--------|-------------|----------|
| SBRM | 4/1/2009  | 4/24/2010  | 55.43  | $55,000.01  | $26.44   |
| SBRM | 9/25/2008 | 7/16/2009  | 42.00  | $72,999.96  | $35.10   |
| BB   | 3/1/2010  | 12/3/2010  | 39.57  | $44,990.40  | $21.63   |
| BOTH | 5/16/2009 | 12/3/2010  | 80.86  | $42,000.00  | $20.19   |
| BB   | 7/1/2010  | 11/13/2010 | 19.29  | $37,000.00  | $17.79   |
| BB   | 7/1/2010  | 12/3/2010  | 22.14  | $45,000.00  | $21.63   |
| BB   | 11/1/2010 | 12/3/2010  | 4.57   | $47,000.00  | $22.60   |
| BB   | 4/12/2010 | 12/3/2010  | 33.57  | $55,000.00  | $26.44   |
| BB   | 8/1/2010  | 12/3/2010  | 17.71  | $43,000.00  | $20.67   |
| SBRM | 7/1/2009  | 4/2/2010   | 39.29  | $55,000.00  | $26.44   |
| BB   | 4/12/2010 | 12/3/2010  | 33.57  | $55,000.00  | $26.44   |
| BB   | 8/1/2010  | 12/3/2010  | 17.71  | $57,000.00  | $27.40   |
| SBRM | 9/25/2008 | 4/30/2009  | 31.14  | $85,000.01  | $40.87   |
| SBRM | 9/25/2008 | 4/23/2009  | 30.00  | $75,000.00  | $36.06   |
| BB   | 7/1/2010  | 12/3/2010  | 22.14  | $52,000.00  | $25.00   |
| BOTH | 6/15/2009 | 12/3/2010  | 76.57  | $60,000.00  | $28.85   |
| BB   | 10/1/2010 | 12/3/2010  | 9.00   | $45,000.00  | $21.63   |
| BOTH | 9/25/2008 | 12/3/2010  | 114.14 | $75,000.00  | $36.06   |
| BOTH | 9/25/2008 | 12/3/2010  | 114.14 | $85,000.08  | $40.87   |
| BOTH | 7/1/2009  | 12/3/2010  | 74.29  | $41,000.00  | $19.71   |
| BOTH | 7/1/2009  | 10/23/2010 | 68.43  | $75,000.00  | $36.06   |
| BB   | 1/11/2010 | 8/13/2010  | 30.57  | $57,000.00  | $27.40   |
| BOTH | 10/1/2009 | 12/3/2010  | 61.14  | $45,000.00  | $21.63   |
| BB   | 8/1/2010  | 12/3/2010  | 17.71  | $45,000.00  | $21.63   |

Exhibit __B__ Page __24__

# EXHIBIT "C"

# JPMORGAN CHASE BANK, NATIONAL ASSOCIATION

## CHARTER NO. 8

## ARTICLES OF ASSOCIATION

(As Amended June 30, 2008)

For the purpose of organizing an Association to perform any lawful activities of national banks, the undersigned do enter into the following Articles of Association:

FIRST.  The title of this Association shall be JPMorgan Chase Bank, National Association (the "Association").

SECOND.  The main office of the Association shall be in the City of Columbus, County of Delaware, State of Ohio.  The general business of the Association shall be conducted at its main office and its branches.

THIRD.  The board of directors of this Association shall consist of not less than five nor more than twenty-five persons, the exact number to be fixed and determined from time to time by resolution of a majority of the full board of directors or by resolution of a majority of the shareholders at any annual or special meeting thereof.

FOURTH.  There shall be an annual meeting of the shareholders to elect directors and transact whatever other business may be brought before the meeting.  It shall be held at the main office or any other convenient place and on such date as the board of directors may designate.

FIFTH.  The authorized amount of capital stock of this Association shall be $1,815,000,000, divided into 150,000,000 shares of common stock of the par value of $12 each and 15,000,000 shares of preferred stock of the par value of $1 each; but said capital stock may be increased or decreased from time to time, according to the provisions of the laws of the United States.

In the event of any such increase in the capital stock of this Association by the sale of additional shares or the distribution of additional shares as a stock dividend, each shareholder of this Association (unless otherwise provided by the shareholders' vote or votes authorizing the increase) shall be entitled, in proportion to the number of shares of said capital stock owned by him before such increase, to proportionate rights in respect of such additional shares as follows: (1) to the extent that such shareholder's proportionate right in respect of such additional shares shall embrace one or more whole shares of such additional shares, to receive (a) in the case of a sale, a transferable warrant entitling the holder to subscribe, within the specified subscription period, for such one or more whole shares of such additional shares or (b) in the case of a stock dividend, a certificate evidencing such one or more whole shares of such additional shares; and

(2) to the extent that such shareholder's proportionate right in respect of such additional shares shall embrace a fraction of a share, to receive (a) in the case of a sale, a fractional subscription warrant, conditioned that it shall be void unless, within the specified subscription period, it is combined with other such fractional subscription warrants in the aggregate entitling the holder thereof to subscribe for a whole share or whole shares of such additional shares and such subscription is completed by such holder of such combined fractional warrants or (b) in the case of a stock dividend, a fractional warrant which shall not represent or entitle the holder thereof to any of the privileges of a shareholder of this Association but may be combined with other such fractional warrants in the aggregate entitling the holder thereof to exchange them for a whole share or whole shares of such additional shares and conditioned that the holder exchanging such combined fractional warrants for such whole share or whole shares of such additional shares shall receive any dividends applicable to such whole share or whole shares declared after the date of such fractional warrants and payable in respect of such whole share or whole shares at the time of such exchange.

In the event of an increase in the capital stock of this Association in pursuance of a statutory consolidation to which this Association may be a party, the additional shares shall be issued in such a manner as the contract or plan of consolidation may provide, pursuant to and in contemplation of the statute under which said consolidation is effected.

In the event of an increase in the capital stock of this Association in pursuance of a plan or contract (other than in the case of a statutory consolidation) for the acquisition by this Association of the assets, in whole or in part, and the good will of another banking institution or banker, the additional shares shall be subscribed for by or issued to any persons, firms, trustees or corporations, whether or not shareholders of this Association, as, in its discretion in the execution of such plan or contract, the Board of Directors may approve.

The Association, at any time and from time to time, may authorize and issue debt obligations, whether or not subordinated, without the approval of the shareholders.

SIXTH.  The Board of Directors shall appoint one of its members President of this Association, who shall be Chairman of the Board; but the Board of Directors may appoint a director, in lieu of the President, to be Chairman of the Board, who shall perform such duties as may be designated by the Board of Directors.  The Board of Directors shall have the power to appoint one or more Vice Presidents; to appoint a Cashier and such other officers as may be required to transact the business of this Association; to fix the salaries to be paid to all officers of this Association; and to dismiss such officers, or any of them; but the Board of Directors may delegate the authority to exercise such powers of appointment, salary determination and dismissal.

The Board of Directors shall have the power to define the duties of officers and employees of this Association, to require bonds from them, and to fix the penalty thereof; to regulate the manner in which directors shall be elected or appointed, and to appoint judges of election; in the event of an increase of the capital stock of this Association to regulate the manner in which such increase shall be made; to make all by-laws that it may be lawful for them to make for the general regulation of the business of this Association and the management of its affairs; and generally to do and perform all acts that it may be lawful for a Board of Directors to do and perform.

SEVENTH.   The board of directors shall have the power to change the location of the main office to any other location permitted under applicable law, without the approval of the shareholders, and shall have the power to establish or change the location of any branch or branches of the Association to any other location permitted under applicable law, without the approval of the shareholders subject to such limitations as from time to time may be provided by law.

EIGHTH.  The corporate existence of this Association shall continue until termination according to the laws of the United States.

NINTH.  These Articles of Association may be amended at any regular or special meeting of the shareholders by the affirmative vote of the holders of a majority of the stock of this Association, unless the vote of the holders of a greater amount of stock is required by law, and in that case by the vote of the holders of such greater amount.

In witness whereof, we have hereunto set our hands as of June 30, 2008.


By /s/ James Dimon
James Dimon


By /s/ Frank J. Bisignano
Frank J. Bisignano


By /s/ Steven D. Black
Steven D. Black


By /s/ Michael J. Cavanagh
Michael J. Cavanagh


By /s/ Charles W. Scharf
Charles W. Scharf


By /s/ James E. Staley
James E. Staley


#48681 v4

# EXHIBIT "D"

ELECTRONICALLY FILED
Superior Court of California,
County of Orange
**06/14/2010** at 01:39:00 PM
Clerk of the Superior Court
By Margaret M Demaria,Deputy Clerk

1   MORGAN, LEWIS & BOCKIUS LLP
    CARRIE A. GONELL, SBN 257163
2   JOHN D. HAYASHI, SBN 211077
    5 Park Plaza, Suite 1750
3   Irvine, CA  92614
    Tel:  949.399.7000
4   Fax:  949.399.7001
    e-mail:   cgonell@morganlewis.com
5             jhayashi@morganlewis.com

6   Attorneys for Defendant
    JPMORGAN CHASE BANK, N.A.

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                          COUNTY OF ORANGE

10

11  BENJAMIN PAPARELLA, individually        Case No. 30-2010-00370146
    and on behalf of other members of the
12  general public similarly situated,       Assigned for all purposes to:
                                             The Hon. Ronald L. Bauer
13                  Plaintiff,               Dept. CX103

14          vs.                              **DEFENDANT JPMORGAN CHASE BANK,
                                             N.A.'S ANSWER TO PLAINTIFF'S**
15  JP MORGAN CHASE BANK,                    **COMPLAINT**
    NATIONAL ASSOCIATION and DOES 1
16  through 50, inclusive,
                                             Complaint Filed:   May 5, 2010
17                  Defendants.              Trial Date:        None Set

18

19

20      Defendant JPMORGAN CHASE BANK, N.A. ("JPMC"), by and through their

21  undersigned counsel, hereby answer the allegations contained in the Complaint brought by

22  Plaintiff, Benjamin Paparella, on behalf of himself and all others similarly situated, as follows:

                              **GENERAL DENIAL**
23

24      Pursuant to Section 431.30(d) of the California Code of Civil Procedure, Defendant

25  generally denies each and every allegation set forth in the Complaint.  Defendant further denies,

    generally and specifically, that Plaintiff, or any member of the putative class he seeks to
26
    represent, are entitled to the relief requested, or that Plaintiff, or any member of the putative class,
27
    have been or will be damaged in any sum, or at all, by reason of any act or omission on the part of
28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB1/64981375.2                                          Case No. 30-2010-00370146

1    Defendant, or any of its past or present agents, representatives, or employees acting in the course

2    and scope of their employment.

3                                        **DEFENSES**

4        Defendant also asserts the following Defenses, without admitting any obligations

5    regarding who bears the burden of proof or persuasion as to any one of them:

6                                    **FIRST DEFENSE**

7                          **(Failure to State a Cause of Action)**

8        1.    The Complaint and each purported cause of action contained therein fail to state

9    facts sufficient to constitute a cause of action.

10                                  **SECOND DEFENSE**

11                                     **(Standing)**

12       2.    The named Plaintiff fails to satisfy the prerequisites for class certification and,

13   therefore, lacks standing and cannot represent the interest of others as to each purported claim.

14                                   **THIRD DEFENSE**

15                                    **(Uncertainty)**

16       3.    Plaintiff's claims, and the claims of each member of the putative class alleged in

17   the Complaint, are barred in whole or in part because the Complaint is uncertain in that the

18   purported class definition is ambiguous and conclusory.

19                                  **FOURTH DEFENSE**

20                              **(Statutes of Limitations)**

21       4.    Plaintiff's claims, and the claims of each member of the putative class alleged in

22   the Complaint, or some of them, are barred in whole or in part by the applicable statutes of

23   limitations, including, but not limited to, California Code of Civil Procedure §§ 338, 339, 340 and

24   343; California Business and Professions Code § 17208; and California Labor Code § 203.

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### FIFTH DEFENSE

#### (Failure to Exhaust Internal and Administrative Remedies/Preconditions)

5.      The claims of Plaintiff and each member of the putative class alleged in the Complaint, or some of them, are barred for failure to exhaust internal and/or administrative remedies and/or preconditions.

### SIXTH DEFENSE

#### (Estoppel)

6.      The claims of Plaintiff and each member of the putative class alleged in the Complaint, or some of them, are barred in whole or in part by the doctrine of estoppel.

### SEVENTH DEFENSE

#### (Waiver)

7.      The claims of Plaintiff and each member of the putative class alleged in the Complaint, or some of them, are barred in whole or in part because such claims have been waived, discharged, and/or abandoned.

### EIGHTH DEFENSE

#### (Penalties Unjust, Arbitrary, and Oppressive, or Confiscatory)

8.      Plaintiff, and each member of the putative class alleged in the Complaint, or some of them, are not entitled to recover any civil penalties because, under the circumstances of this case, any such recovery would be unjust, arbitrary and oppressive, or confiscatory.

### NINTH DEFENSE

#### (Consent)

9.      The Complaint, and each purported cause of action contained therein, are barred to the extent Plaintiff, or members of the putative class alleged in the Complaint, consented to any alleged activity or conduct.

### TENTH DEFENSE

#### (Accord and Satisfaction, Payment)

10.      The claims of Plaintiff and each member of the putative class alleged in the Complaint, or some of them, are barred in whole or in part by the principles of accord and

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB1/64981375.2                                3                          Case No. 30-2010-00370146

DEFENDANT JPMORGAN CHASE BANK, N.A.'S ANSWER TO PLAINTIFF'S COMPLAINT

Exhibit  D  Page  30

1   satisfaction, and payment.

2   **ELEVENTH DEFENSE**

3   **(Exempt Status)**

4       11.   Plaintiff, and each member of the putative class alleged in the Complaint, are

5   exempt from the overtime requirements of the California Labor Code and the applicable

6   Industrial Welfare Commission wage order or wage orders, including, but not limited to, the

7   executive, administrative, professional, outside sales, and/or commissioned employee

8   exemptions, or some combination of these exemptions.

9   **TWELFTH DEFENSE**

10   **(No Waiting Time Penalties)**

11       12.   The Complaint fails to state a claim for waiting time penalties under California

12   Labor Code Section 203 in that some members of the purported class did not resign or were not

13   discharged prior to the filing of this action and/or to the extent that no such penalties can continue

14   after the commencement of an action for the penalties.

15   **THIRTEENTH DEFENSE**

16   **(No Entitlement to Jury Trial—Certain Claims)**

17       13.   Plaintiff and the members of the putative class alleged in the Complaint are not

18   entitled to a trial by jury of certain of their claims, including their claims under the California

19   Business and Professions Code §§ 17200, et seq.

20   **FOURTEENTH DEFENSE**

21   **(De Minimis)**

22       14.   The Complaint, and each purported cause of action contained therein, are barred in

23   whole or in part by the *de minimis* doctrine.

24   **FIFTEENTH DEFENSE**

25   **(Release)**

26       15.   The claims of Plaintiff and certain members of the putative class alleged in the

27   Complaint are barred in whole or in part because said claims have been released by the individuals in

28   question.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB1/64981375.2

4

Case No. 30-2010-00370146

DEFENDANT JPMORGAN CHASE BANK, N.A.'S ANSWER TO PLAINTIFF'S COMPLAINT

## SIXTEENTH DEFENSE

### (Laches)

16.     Plaintiff's claims, and the claims of each member of the putative class alleged in the Complaint, or some of them, are barred in whole or in part by the doctrine of laches.

## SEVENTEENTH DEFENSE

### (Unclean Hands)

17.     Plaintiff's claims, and the claims of each member of the putative class alleged in the Complaint, or some of them, are barred in whole or in part by their unclean hands and/or inequitable or wrongful conduct.

## EIGHTEENTH DEFENSE

### (Setoff and Recoupment)

18.     If any damages have been sustained by Plaintiff, or by any member of the putative class alleged in the Complaint, although such is specifically denied, Defendant is entitled under the equitable doctrine of setoff and recoupment to offset all obligations of Plaintiff or putative class members owed to Defendant against any judgment that may be entered against Defendant.

## NINETEENTH DEFENSE

### (Due Process/Class Certification)

19.     Certification of a class action would constitute a denial of Defendant's due process rights in violation of the Fourteenth Amendment and the California Constitution.

## TWENTIETH DEFENSE

### (Not Appropriate for Class Action)

20.     The Complaint, and each purported cause of action contained therein, are not proper for treatment as a class or collective action because, among other reasons: (a) Plaintiff is an inadequate representative of the purported class; (b) Plaintiff's counsel will not fairly and adequately represent the purported class; (c) Plaintiff cannot establish commonality of claims; (d) Plaintiff cannot establish typicality of claims; and (e) the individualized nature of Plaintiff's claims makes class treatment inappropriate.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB1/64981375.2

5

Case No. 30-2010-00370146

DEFENDANT JPMORGAN CHASE BANK, N.A.'S ANSWER TO PLAINTIFF'S COMPLAINT

Exhibit __D__ Page __32__

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## TWENTY-FIRST DEFENSE

### (Numerosity)

21.     The Complaint fails to the extent it asserts a class action, because the putative class Plaintiff purports to represent, the existence of which is expressly denied, lacks numerosity.

## TWENTY-SECOND DEFENSE

### (Action Unconstitutional)

22.     Plaintiff's purported cause of action for violation of California Business and Professions Code Section 17200 is barred because provisions of Section 17200 violate the provisons of the United States and California Constitutions, including, but not limited to, the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

## TWENTY-THIRD DEFENSE

### (Avoidable Consequences)

23.     The claims of Plaintiff and members of the putative class alleged in the Complaint are barred, or recovery reduced, because:  (a) Defendant took reasonable steps to prevent and correct the conduct alleged in the Complaint; (b) Plaintiff and members of the putative class unreasonably failed to use the preventive and corrective measures that Defendant provided; and (c) reasonable use of Defendant's procedures would have prevented at least some of the harm that Plaintiff and members of the putative class allegedly suffered, if any.

## TWENTY-FOURTH DEFENSE

### (Failure to Mitigate)

24.     The monetary claims of Plaintiff and members of the putative class alleged in the Complaint are barred, in whole or in part, because hey have not appropriately or adequately mitigated their damages, if any.

## TWENTY-FIFTH DEFENSE

### (Adequate Remedy At Law)

25.     The claims of Plaintiff and members of the putative class alleged in the Complaint are barred in light of the fact that Plaintiff and any such putative class members have an adequate remedy at law.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB1/64981375.2

6

Case No. 30-2010-00370146

DEFENDANT JPMORGAN CHASE BANK, N.A.'S ANSWER TO PLAINTIFF'S COMPLAINT

Exhibit  D  Page  33

### TWENTY-SIXTH DEFENSE

### (Conduct Reasonable and In Good Faith/Not Willful)

26.     If Defendant is found to have failed to pay any amount due to Plaintiff, or any member of the putative class alleged in the Complaint, which allegations Defendant denies, Defendant acted at all times on the basis of a good faith and reasonable belief that it had complied fully with all California wage and hour laws.

### TWENTY-SEVENTH DEFENSE

### (Not Willful)

27.     Plaintiff, and any member of the putative class alleged in the Complaint, are barred from recovering penalties pursuant to California Labor Code Sections 203 because:  (a) Plaintiff has failed to plead facts sufficient to support allegations of willfulness; and (b) neither Defendant nor any agent or employee of Defendant acted willfully in failing to pay wages allegedly due to Plaintiff or members of the putative class alleged in the Complaint.

### TWENTY-EIGHTH DEFENSE

### (Due Process/Excessive Fine)

28.     Although Defendant denies that it has committed or has responsibility for any act that could support the recovery of civil penalties in this lawsuit, if and to the extent any such act or responsibility is found, recovery of civil penalties against Defendant is unconstitutional under numerous provisions of the United States Constitution and the California Constitution, including the excessive fines clause of the Eighth Amendment, the due process clauses of the Fifth Amendment and Section 1 of the Fourteenth Amendment, the self-incrimination clause of the Fifth Amendment, and other provisions of the United States Constitution, and the excessive fines clause of Section 17 of Article 1, the due process clause of Section 7 of Article I, the self-incrimination clause of Section 15 of Article 1, and other provisions of the California Constitution.

### TWENTY-NINTH DEFENSE

### (Constitutional Right to Equal Protection)

29.     An award of penalties against Defendant would be an unconstitutional denial of

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB1/64981375.2

7

Case No. 30-2010-00370146

DEFENDANT JPMORGAN CHASE BANK, N.A.'S ANSWER TO PLAINTIFF'S COMPLAINT

Exhibit  D  Page  34

1    Defendant's rights to equal protection under both the United States and California Constitutions.

2                              **THIRTIETH DEFENSE**

3                         **(Collateral Estoppel/Res Judicata)**

4           30.    The Complaint, and each purported cause of action contained therein, are barred in

5    whole or in part by the doctrines of res judicata and/or collateral estoppel.

6                             **THIRTY-FIRST DEFENSE**

7               **(No Violation of Underlying State or Federal Law)**

8           31.    Defendant is not liable for a violation of unlawful business practices pursuant to

9    California Business and Professions Code Section §§ 17200, et seq., because it is not liable to

10   Plaintiff or the members of the putative class alleged in the Complaint for any alleged violation of

11   any underlying state or federal laws.

12                           **THIRTY-SECOND DEFENSE**

13                            **(Improper Remedies)**

14          32.    The claims of Plaintiff and the members of the putative class alleged in the

15   Complaint seek improper remedies that may not be recovered pursuant to Business & Professions

16   Code §§ 17200 et seq. and Labor Code § 203.

17                            **THIRTY-THIRD DEFENSE**

18                            **(Reservation of Rights)**

19          33.    Defendant reserves the right to assert additional defenses as discovery proceeds

20   and it becomes aware of additional facts and circumstances that provide the basis for additional

21   defenses.

22          WHEREFORE, Defendant prays for judgment as follows:

23          1.     That the Court deny Plaintiff's request to certify this action as a class action;

24          2.     The Plaintiff take nothing by the Complaint;

25          3.     That Plaintiff's Complaint be dismissed with prejudice;

26          4.     That judgment be entered against Plaintiff and in favor of Defendant;

27          5.     That Defendant be awarded its costs of suit incurred herein;

28          6.     That Defendant be awarded its attorneys' fees incurred by this action, including,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB1/64981375.2                              8                        Case No. 30-2010-00370146

DEFENDANT JPMORGAN CHASE BANK, N.A.'S ANSWER TO PLAINTIFF'S COMPLAINT

Exhibit ___D___ Page _35_

1   but not limited to, pursuant to California Labor Code § 218.5; and

2   7.   That the Court grant such other and further relief as it deems just and proper.

3

4   Dated: June 14, 2010                    MORGAN, LEWIS & BOCKIUS LLP

5

6                                    By _____
7                                       Carrie A. Gonell
                                        John D. Hayashi
8                                       Attorneys for Defendant
                                        JPMORGAN CHASE BANK, N.A.
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB1/64981375.2                          9                      Case No. 30-2010-00370146

DEFENDANT JPMORGAN CHASE BANK, N.A.'S ANSWER TO PLAINTIFF'S COMPLAINT

Exhibit __D__ Page 36

1

## PROOF OF SERVICE

2
    I am a resident of the State of California, County of Orange; I am over the age of eighteen years and not a party to the within action; my business address is 5 Park Plaza, Suite 1750, Irvine, California 92614.

3

4
    On June 14, 2010, I served on the interested parties in this action the within document(s) entitled:

5

6
**DEFENDANT JPMORGAN CHASE BANK, N.A.'S ANSWER TO PLAINTIFF'S COMPLAINT**

7

8
[ X ]    **BY MAIL:**  by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Irvine, California addressed as set forth below.  I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

9

10

11

12

13

| | |
|---|---|
| Edward J. Wynne, Esq.<br>J.E.B. Pickett, Esq.<br>WYNNE LAW FIRM<br>100 Drakes Landing Road, Suite 275<br>Greenbrae, CA 94904<br>Telephone:  415.461.6400<br>Facsimile:  415.461.3900 | *Attorneys for Plaintiffs* |

14

15

16

17

18
[ X ]  **STATE:**  I declare under penalty of perjury, under the laws of the State of California, that the above is true and correct.

19

20
    Executed on June 14, 2010, at Irvine, California.

21

22
_____
Jojo Nghiem

23

24

25

26

27

28

DB1/64981375.2

Case No. 30-2010-00370146

PROOF OF SERVICE

Exhibit D  Page 37

1

## PROOF OF SERVICE

2

*Paparella v. JP Morgan Chase Bank, et al.*

3

USDC Case No.:

4

    I am a resident of the State of California, County of Orange; I am over the age of eighteen years and not a party to the within action; my business address is 5 Park Plaza, Suite 1750, Irvine, California 92614.

5

6

    On December 20, 2010, I served on the interested parties in this action the within document(s) entitled:

7

8

**DEFENDANT JPMORGAN CHASE BANK, N.A.'S NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA**

9

10

☐   **BY FAX:  (C.C.P. § 1013(a),(e); CRC 2008)**  - by transmitting via electronic facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.; I also caused the fax machine to print such record(s) of the transmission.

11

12

13

☒   **BY MAIL:  (C.C.P. § 1013(a))**  - by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Irvine, California addressed as set forth below.  I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

14

15

16

17

18

19

☐   **BY OVERNIGHT MAIL (C.C.P. § 1013(c))** - By **FEDERAL EXPRESS**, following ordinary business practices for collection and processing of correspondence with said overnight mail service, and said envelope(s) will be deposited with said overnight mail service on said date in the ordinary course of business.

20

21

22

23

☐   **BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED** – By placing true copy(ies) thereof in sealed envelope(s) with Certified Mail, Return Receipt Requested, postage thereon fully prepaid and by causing such envelope(s) to be deposited in the mail at 5 Park Plaza, Suite 1750, Irvine, California 92614.

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/22107726.1

PROOF OF SERVICE

1

2  ☐ **BY ELECTRONIC SERVICE (C.C.P. § 1010.6(a)(6))** - the parties listed below were served electronically with the document(s) listed above by e-mailed PDF files on December 20, 2010. The transmission was reported as complete and without error. My electronic notification address is 5 Park Plaza, Suite 1750, Irvine, California 92614. My e-mail address is pmartin@morganlewis.com.

3

4

5

6  ☐ **BY E-FILE** – I caused such documents to be transmitted by e-file with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

7

| | |
|---|---|
| 8  Edward J. Wynne, Esq. | Attorneys for Plaintiff BENJAMIN PAPARELLA |
| 9  J.E.B. Pickett, Esq. | |
| WYNNE LAW FIRM | |
| 10  100 Drakes Landing Road, Suite 275 | |
| Greenbrae, CA 94904 | |
| 11  Telephone: 415.461.6400 | |
| Facsimile: 415.461.3900 | |
| 12  ewynne@wynnelawfirm.com | |
| Jebpickett@wynnelawfirm.com | |

13

14  [ X ]  **FEDERAL:** I declare that I am employed in the office of a member of the Bar of this Court at whose direction this service was made.

15  Executed on December 20, 2010, at Irvine, California.

16

17  _____
Patty Martin

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Cormac J. Carney  and the assigned discovery Magistrate Judge is Jacqueline Chooljian.

The case number on all documents filed with the Court should read as follows:

## SACV10- 1940 CJC (JCx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

======================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] | **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [X] | **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] | **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
|---|---|---|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

COPY

| **I. (a) PLAINTIFFS** (Check box if you are representing yourself □) | **DEFENDANTS** |
|---|---|
| Benjamin Paparella, individually and on behalf of other members of the general public similarly situated. | JPMorgan Chase Bank, National Association and DOES 1 through 50, inclusive |

| **(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Edward J. Wynne / J.E.B. Pickett, WYNNE LAW FIRM<br>100 Drakes Landing Road, Suite 94904<br>Greenbrae, CA 94904  TEL: 415.461.6400 | CARRIE A. GONELL / JOHN D. HAYASHI<br>MORGAN, LEWIS & BOCKIUS LLP<br>5 Park Plaza, Suite 1750<br>Irvine, CA 92614  TEL:  949.399.7000 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

□ 1 U.S. Government Plaintiff   □ 3 Federal Question (U.S. Government Not a Party)

□ 2 U.S. Government Defendant   ☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | □ 1 | Incorporated or Principal Place of Business in this State | □ 4 | □ 4 |
| Citizen of Another State | □ 2 | ☑ 2 | Incorporated and Principal Place of Business in Another State | □ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | □ 3 | □ 3 | Foreign Nation | □ 6 | □ 6 |

**IV. ORIGIN** (Place an X in one box only.)

□ 1 Original Proceeding   ☑ 2 Removed from State Court   □ 3 Remanded from Appellate Court   □ 4 Reinstated or Reopened   □ 5 Transferred from another district (specify):   □ 6 Multi-District Litigation   □ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** □ Yes  ☑ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☑ Yes  □ No     □ **MONEY DEMANDED IN COMPLAINT: $**_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause.  Do not cite jurisdictional statutes unless diversity.)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| □ 400 State Reapportionment | □ 110 Insurance | □ 310 Airplane | □ 370 Other Fraud | □ 510 Motions to Vacate Sentence Habeas Corpus | □ 710 Fair Labor Standards Act |
| □ 410 Antitrust | □ 120 Marine | □ 315 Airplane Product Liability | □ 371 Truth in Lending | □ 530 General | □ 720 Labor/Mgmt. Relations |
| □ 430 Banks and Banking | □ 130 Miller Act | □ 320 Assault, Libel & Slander | □ 380 Other Personal Property Damage | □ 535 Death Penalty | □ 730 Labor/Mgmt. Reporting & Disclosure Act |
| □ 450 Commerce/ICC Rates/etc. | □ 140 Negotiable Instrument | □ 330 Fed. Employers' Liability | □ 385 Property Damage Product Liability | □ 540 Mandamus/ Other | □ 740 Railway Labor Act |
| □ 460 Deportation | □ 150 Recovery of Overpayment & Enforcement of Judgment | □ 340 Marine | BANKRUPTCY | □ 550 Civil Rights | ☑ 790 Other Labor Litigation |
| □ 470 Racketeer Influenced and Corrupt Organizations | □ 151 Medicare Act | □ 345 Marine Product Liability | □ 422 Appeal 28 USC 158 | □ 555 Prison Condition | □ 791 Empl. Ret. Inc. Security Act |
| □ 480 Consumer Credit | □ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | □ 350 Motor Vehicle | □ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| □ 490 Cable/Sat TV | | □ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | □ 610 Agriculture | □ 820 Copyrights |
| □ 810 Selective Service | □ 153 Recovery of Overpayment of Veteran's Benefits | □ 360 Other Personal Injury | □ 441 Voting | □ 620 Other Food & Drug | □ 830 Patent |
| □ 850 Securities/Commodities/ Exchange | □ 160 Stockholders' Suits | □ 362 Personal Injury-Med Malpractice | □ 442 Employment | □ 625 Drug Related Seizure of Property 21 USC 881 | □ 840 Trademark |
| □ 875 Customer Challenge 12 USC 3410 | □ 190 Other Contract | □ 365 Personal Injury-Product Liability | □ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| □ 890 Other Statutory Actions | □ 195 Contract Product Liability | □ 368 Asbestos Personal Injury Product Liability | □ 444 Welfare | □ 630 Liquor Laws | □ 861 HIA (1395ff) |
| □ 891 Agricultural Act | □ 196 Franchise | | □ 445 American with Disabilities - Employment | □ 640 R.R. & Truck | □ 862 Black Lung (923) |
| □ 892 Economic Stabilization Act | REAL PROPERTY | IMMIGRATION | | □ 650 Airline Regs | □ 863 DIWC/DIWW (405(g)) |
| □ 893 Environmental Matters | □ 210 Land Condemnation | □ 462 Naturalization Application | □ 446 American with Disabilities - Other | □ 660 Occupational Safety/Health | □ 864 SSID Title XVI |
| □ 894 Energy Allocation Act | □ 220 Foreclosure | □ 463 Habeas Corpus-Alien Detainee | □ 440 Other Civil Rights | □ 690 Other | □ 865 RSI (405(g)) |
| □ 895 Freedom of Info. Act | □ 230 Rent Lease & Ejectment | □ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| □ 900 Appeal of Fee Determination Under Equal Access to Justice | □ 240 Torts to Land | | | | □ 870 Taxes (U.S. Plaintiff or Defendant) |
| □ 950 Constitutionality of State Statutes | □ 245 Tort Product Liability | | | | □ 871 IRS-Third Party 26 USC 7609 |
| | □ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:**   Case Number: _____   **SACV10-1940 CJC(JCx)**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☐ No ☑ Yes
If yes, list case number(s): SACV10-00841-AG-MLGx

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                               ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                               ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                               ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
  ☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| ORANGE | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
  ☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | OHIO |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
  **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| ORANGE | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER):   *Carole A. Gonell*   Date December 20, 2010

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# PROOF OF SERVICE

*Paparella v. JP Morgan Chase Bank, et al.*
USDC Case No.:

I am a resident of the State of California, County of Orange; I am over the age of eighteen years and not a party to the within action; my business address is 5 Park Plaza, Suite 1750, Irvine, California 92614.

On December 20, 2010, I served on the interested parties in this action the within document(s) entitled:

**CIVIL CASE COVER SHEET**

☐ **BY FAX:  (C.C.P. § 1013(a),(e); CRC 2008)**  - by transmitting via electronic facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.; I also caused the fax machine to print such record(s) of the transmission.

☒ **BY MAIL:  (C.C.P. § 1013(a))**  - by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Irvine, California addressed as set forth below.  I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY OVERNIGHT MAIL (C.C.P. § 1013(c))** - By **FEDERAL EXPRESS**, following ordinary business practices for collection and processing of correspondence with said overnight mail service, and said envelope(s) will be deposited with said overnight mail service on said date in the ordinary course of business.

☐ **BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED** – By placing true copy(ies) thereof in sealed envelope(s) with Certified Mail, Return Receipt Requested, postage thereon fully prepaid and by causing such envelope(s) to be deposited in the mail at 5 Park Plaza, Suite 1750, Irvine, California 92614.

☐ **BY ELECTRONIC SERVICE (C.C.P. § 1010.6(a)(6))** - the parties listed below were served electronically with the document(s) listed above by e-mailed PDF files on December 20, 2010.  The transmission was reported as complete and without error.  My electronic notification address is 5 Park Plaza, Suite 1750, Irvine, California 92614.  My e-mail address is pmartin@morganlewis.com.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/22107726.1

PROOF OF SERVICE

☐   **BY E-FILE** – I caused such documents to be transmitted by e-file with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

| | |
|---|---|
| Edward J. Wynne, Esq.<br>J.E.B. Pickett, Esq.<br>WYNNE LAW FIRM<br>100 Drakes Landing Road, Suite 275<br>Greenbrae, CA 94904<br>Telephone:  415.461.6400<br>Facsimile:  415.461.3900<br>ewynne@wynnelawfirm.com<br>Jebpickett@wynnelawfirm.com | Attorneys for Plaintiff BENJAMIN PAPARELLA |

[ X ]  **FEDERAL:**  I declare that I am employed in the office of a member of the Bar of this Court at whose direction this service was made.

Executed on December 20, 2010, at Irvine, California.

_____

Patty Martin

PROOF OF SERVICE